PEOPLE v BRODEN

PEOPLE v MURRAY

Docket Nos. 77743, 77795. Argued January 14, 1987 (Calendar Nos. 9-10). Decided July 13, 1987.

Lora Broden pled guilty in the Recorder's Court of Detroit, Dalton A. Roberson, J., of second-degree murder. The Court of Appeals, HOOD, P.J., and WAHLS, J. (KALLMAN, J., concurring in part and dissenting in part), affirmed in an opinion per curiam, but remanded the case to the trial court for articulation on the record the reasons for imposing sentence in terms other than a mere reference to the sentencing guidelines (Docket No. 78608). The people appeal.

Robert L. Murray was convicted in the Recorder's Court of Detroit, Clarice Jobes, J., of two counts of first-degree criminal sexual conduct and possession of a firearm during the commission of a felony. The Court of Appeals, MACKENZIE, P.J., and CYNAR and DEMING, JJ., affirmed, holding that the statement of the trial court that sentence was being imposed pursuant to the sentencing guidelines was sufficient to meet the articulation requirement and that any sentence falling within the guidelines was not shocking to its conscience (Docket No. 82603). The defendant appeals.

In a unanimous opinion by Chief Justice RILEY, the Supreme Court *held:*

A trial court's reference to the sentencing guidelines as the only reason for imposing a sentence within the range recommended by the guidelines satisfies the requirement of *People v Coles,* 417 Mich 523 (1983), that a trial court, at the time of sentencing, articulate on the record its reasons for imposing sentence.

1. A trial court's reliance on the sentencing guidelines in imposing a sentence is sufficient justification for the sentence, requiring no further explanation beyond a statement that the guidelines are being followed. The guidelines ensure that a

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*

See the annotations in the Index to Annotations under Sentence and Punishment.

court, in imposing sentence, focuses on a consistent set of legally relevant factors. They are structured so as to subsume the most pertinent sentencing considerations and seek to foreclose consideration of impermissible factors. They present a comprehensive formula for determining an appropriate sentence for a particular type of offender that commits a particular type of offense. Sentences falling within the recommended range are presumed not to be excessively severe or unfairly disparate.

2. In these cases, the courts referred to the sentencing guidelines as the reasons for the sentences imposed, and the sentences were within the recommended ranges.

*Broden,* reversed.

*Murray,* affirmed.

147 Mich App 470; 382 NW2d 799 (1985) reversed.

147 Mich App 227; 383 NW2d 613 (1985) affirmed.

CRIMINAL LAW — SENTENCES — SENTENCING GUIDELINES.

A trial court's reference to the sentencing guidelines as the only reason for imposing a sentence within the range recommended by the guidelines satisfies the requirement that a trial court, at the time of sentencing, articulate on the record its reasons for imposing sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief, Criminal Division, Research, Training and Appeals, and *Olga Agnello-Raspa,* Assistant Prosecuting Attorney, for the people.

*Thomas E. Betz* for defendant Broden.

*Elizabeth L. Jacobs* for defendant Murray.

RILEY, C.J. In *People v Coles,* 417 Mich 523, 549-550; 339 NW2d 440 (1983), we held that a trial court must articulate on the record its reasons for imposing a sentence at the time of sentencing. We have also directed, through a series of administra-

tive orders,[1] that all sentencing judges of this

[1] To assist the Supreme Court in evaluating the sentencing guidelines that have been generated by the Sentencing Guidelines Advisory Committee, every judge of the circuit court and of the Recorder's Court for the City of Detroit is invited, but not required, to use the guidelines for a period of one year, beginning May 1, 1983. These judges are urged to complete the sentencing forms to be provided by the staff of the committee and, in each case in which a minimum sentence outside the recommended minimum range is imposed, to explain on the form what aspects of the case at bar or of the guidelines have persuaded the judge to impose a sentence outside the recommended minimum range. The committee shall periodically analyze the data contained in these forms and shall provide an evaluation of such data to the Court. At the conclusion of the year, the committee shall make a final report to the Court of its findings and conclusions. [Administrative Order No. 1983-3, 417 Mich cxxi.]

Until further order of the Court, to assist the Supreme Court in evaluating the sentencing guidelines generated by the Sentencing Guidelines Advisory Committee and to facilitate judicial review pursuant to *People v Coles, People v Gonzales,* and *People v Waits,* 417 Mich 523 (1983), every judge of all circuit courts and of the Recorder's Court of Detroit shall, for a period of one year beginning March 1, 1984, use the guidelines when imposing a sentence for an offense that is included in the guidelines. The judge may depart from the recommended minimum range for the reasons, and in the manner, prescribed by the guidelines. For each sentence imposed, the judge shall, not later than the date of sentencing, complete a sentencing form to be prescribed by and returned to the state court administrator and shall, in each case in which a minimum sentence outside the recommended minimum range is imposed, explain on the form what aspects of the case or of the guidelines have persuaded the judge to impose a sentence outside the recommended minimum range. The committee shall periodically analyze the data contained in these forms and shall provide an evaluation of such data to the Court. At the conclusion of the year, the committee shall make a final report to the Court of its findings and conclusions. [Administrative Order No. 1984-1, 418 Mich lxxx.]

On order of the Court, Administrative Order No. 1984-1, which entered January 17, 1984, and which by its terms would expire on March 1, 1985, is continued in effect until further order of the Court. The duty of the Sentencing Guidelines Advisory Committee to report to the Court is deferred until further order of the Court. [Administrative Order No. 1985-2, 420 Mich lxii.]

state's circuit courts and of the Recorder's Court of the City of Detroit employ the sentencing guidelines that were established by the Sentencing Guidelines Advisory Committee. The two cases now before us present the question whether it is sufficient, under *Coles,* for a sentencing judge who follows the sentencing guidelines recommendation to refer only to the guidelines when giving reasons for the sentence imposed. We hold that a sentencing judge's reference to the sentencing guidelines, as the only reason for imposing a particular sentence, is a sufficient explanation under *Coles* when the guidelines recommendation is followed.

I

A. *PEOPLE v MURRAY*

The defendant, Robert L. Murray, was charged with two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e), and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Following a bench trial on October 24, 1984, Murray was found guilty as charged.

Sentencing took place on November 16, 1984. The sentencing information report indicated that the sentencing guidelines recommended a minimum sentence range of eight to fifteen years.[2] The judge chose to impose a sentence within the recommended range, sentencing Murray to concurrent terms of fifteen to thirty years in prison on the first-degree criminal sexual conduct convictions, and to the mandatory two-year term of imprisonment on the felony-firearm conviction.

_____

[2] Murray fell into cell B-III of the grid for offenses that are in the criminal sexual conduct crime group and that are punishable by a term of life in prison. The recommended range of a minimum sentence within this cell is from 96 to 180 months in prison.

The sentencing judge explained these sentences as follows:

> I still think you raped her. She was one of the most credible witnesses I have seen in a long time. And because I think you are dangerous to the women of this community I am going to impose a sentence within the guidelines, but at the top of that, 180 months in prison at the minimum, the maximum is 30 years. That is on the csc charge. You will have to do two years before that sentence commences to run on the felony-firearm charge.

Murray filed a claim of appeal in the Court of Appeals alleging, inter alia, that the term of his sentence was shocking to the judicial conscience and that the trial court failed to articulate its reasons for imposing the sentence as required by *Coles, supra.*[3] The Court of Appeals held that the trial judge's statement that she was sentencing defendant pursuant to the sentencing guidelines was sufficient to meet the *Coles* requirement to articulate the reasons for the sentence imposed and that any sentence falling within the sentencing guidelines was not shocking to the Court's conscience.[4]

The defendant then requested this Court to review the matter pursuant to MCR 7.303. The letter request was treated as an application for leave to appeal and was granted pursuant to this Court's order of June 24, 1986.[5]

### B. PEOPLE v BRODEN

The defendant, Lora Broden, was charged with

[3] *People v Murray,* 147 Mich App 227, 230-232; 383 NW2d 613 (1985).

[4] *Id.*

[5] *People v Murray,* 425 Mich 871 (1986).

second-degree murder, MCL 750.317; MSA 28.549. On March 23, 1984, Broden pled guilty to the charged offense and admitted to fatally stabbing the victim during an argument on February 10, 1984. Broden was on parole for manslaughter at the time of the offense.

Broden was sentenced on April 4, 1984, to a term of imprisonment of not less than sixteen years nor more than thirty years. This too was a sentence within the guidelines which recommended a minimum sentence range of sixteen years to life imprisonment. With the exception of a stray comment early in the sentencing proceeding ("we've got to protect ourselves"), the sentencing judge's only explanation for this sentence was the brief statement, "I'm following the guidelines."

Broden filed a claim of appeal in the Court of Appeals. The prosecutor answered with a motion to affirm. In response to that motion, the Court of Appeals issued an order remanding the case to the trial court, directing the trial judge to state on the record his reasons for imposing the sentence. At a hearing which took place in the trial court on September 6, 1984, the sentencing judge stated:

> Okay. Well counsel, I'm looking at the sentencing guidelines form. This thing is entitled sentencing guidelines report. That is the face sheet we get on it. It says guidelines sentencing for this particular lady, 192 months to life.
>
> Then below it says actual sentence. I imposed 192 month [sic]. Then it says departure above or below. Please specify any reasons.
>
> If I followed the guidelines it doesn't provide for me to say anything.
>
> &ast; &ast; &ast;
>
> Well [Assistant Prosecutor] Wilson, I don't want

to clutter the record by saying it but you know what I was thinking. This was the second homicide conviction.

*   *   *

That's what it is. I followed the guidelines exactly. I told her at the time of sentencing I was following the guidelines.

*   *   *

I think that was sufficient reason to explain her sentence to her and the attorney had an opportunity to review that before I passed sentence.

The Court of Appeals then decided the merits of Broden's appeal and affirmed her conviction, but again remanded the matter to the trial court, directing it to explain the reasons for the sentence in terms other than a mere reference to the guidelines. The Court of Appeals then certified that its decision in *Broden* conflicted with its prior decision in *Murray.*[6] We granted the prosecutor's application for leave to appeal before the matter was remanded.[7]

II

Under this state's system of indeterminate sentencing, trial courts are vested with a great deal of discretion in sentencing criminal defendants. In *Coles, supra,* this Court expanded the scope of appellate review of sentencing to include review of the trial court's exercise of that discretion, and held that an appellate court may remand a case for resentencing if it finds that the trial court, in imposing the sentence, abused its discretion to the extent that it shocks the appellate court's con-

---

[6] See Administrative Order No. 1984-2, 418 Mich lxxxii.

[7] *People v Broden,* 425 Mich 871 (1986).

science.[8] An abuse of discretion in sentencing occurs when the sentence imposed is either excessively severe or excessively disparate. An excessively severe sentence is one which all reasonable persons would perceive to be an inappropriate social response to the crime committed, and the person who committed it.[9] An excessively disparate sentence is one that is unusually disproportionate to the type of sentence normally imposed upon similarly situated defendants who have committed similar crimes, due to improper considerations such as race, economic status, or the sentencing judge's personal bias or attitude.[10]

In *Coles,* we noted that among the proper criteria for determining an appropriate sentence are:

(1) the disciplining of the wrongdoer,

(2) the protection of society,

(3) the potential for reformation of the offender, and

(4) the deterring of others from committing like offenses.[11]

We further noted that these are not the only relevant criteria and that we were not instructing the trial courts on every factor they must consider when imposing sentence.[12]

In order to aid the appellate review process in determining whether there has been an abuse of discretion, we further held in *Coles* that the trial court must, at the time of sentencing, articulate on the record its reasons for imposing the sentence

---

[8] *Coles, supra* at 548. Prior to *Coles,* the scope of appellate review was limited to constitutional challenges, procedural challenges, and claims that the sentence was based on impermissible considerations. *Id.* at 532.

[9] *Id.* at 542-543.

[10] *Id.* at 545.

[11] *Id.* at 550. See *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972).

[12] *Id.*

given.[13] A silent record precludes the appellate court from determining whether the trial court considered impermissible factors or whether an ostensibly harsh or disparate sentence is justified by permissible considerations. The articulation-of-reasons requirement further acts as a safeguard against rash and arbitrary decisions by forcing the sentencing judge to focus on relevant factors, and it also reduces the risk that inaccurate information will be considered.[14] If the sentencing judge is relying on misinformation, disclosure will give the defendant an opportunity to correct the error.

In the instant case, we must decide whether the articulation-of-reasons requirement established in *Coles* is satisfied when the trial court merely states that it is following the sentencing guidelines recommendation as the reason for imposing the sentence.

In 1979, this Court appointed a sentencing guidelines advisory committee to draft sentencing guidelines.[15] The establishment of the committee was prompted by a study which disclosed considerable disparity and discrimination in Michigan's sentencing practices.[16] It was the advisory committee's objective to develop guidelines that would

[13] *Id.* at 549.

[14] *Id.* at 549-550, quoting approvingly from *United States v Brown,* 479 F2d 1170, 1172-1173 (CA 2, 1973).

[15] Note, *Michigan's reform toward a more determinate sentencing system,* 62 U Det L R 499, 513 (1985).

[16] *Id.,* n 129:

Det. Free Press, Oct. 14, 1983, at A1, col. 1. Marvin Zalman, Chairman of the Wayne State University Criminal Justice Department, and Charles Ostrom Jr., a Michigan State University professor, began the Michigan Supreme Court's Sentencing Guidelines movement with their 1977 research results. After studying sentences given to 6,000 convicted criminals in 1977, Zalman and Ostrom found distinct differences in sentences based on the sex, race, and religion of the offender.

eliminate unjustifiable disparity and achieve greater uniformity in sentencing.

Although *Coles* was decided approximately five months before use of the guidelines was made mandatory, the *Coles* Court recognized that the purpose of the sentencing guidelines was to

> ensure that sentencing decisions focus on a consistent set of legally relevant factors and to ensure that these factors are assigned equal importance for all offenders. This should result in sentences which are imposed in a predictable, coherent, and consistent manner, thus eliminating impermissible disparity in the sentences of similarly situated defendants. [*Coles, supra,* 548, n 31.]

The guidelines purportedly achieve greater uniformity in sentencing by creating a recommended minimum sentencing range. The minimum sentence range is based on two scores. One score is based on the defendant's prior record, including all prior felony, misdemeanor, and juvenile convictions. The other score is the offense severity score which takes into account various aggravating variables relating to the commission of the offense. Various mitigating factors are also considered. The recommended minimum sentencing ranges are based on past sentencing practices of this state's trial courts. A trial court may depart from the guidelines so long as it places the reasons for departure on the record as required by the sentencing guidelines manual.[17]

III

In *Murray,* the sentencing guidelines recommended that defendant's minimum sentence

---

[17] See *People v Spalla,* 147 Mich App 722, 727-728; 383 NW2d 105 (1985), lv den 424 Mich 863 (1986).

should range between 96 to 180 months (eight to fifteen years). The trial court sentenced Murray to imprisonment for a term not less than fifteen years nor more than thirty years. At sentencing, the judge stated that she thought the defendant was a danger to society and that she was going to impose a minimum sentence at the maximum end of the guidelines recommended range.

Defendant argues that the sentencing judge's explanation for the sentence imposed was insufficient to satisfy her obligation under *Coles* to articulate on the record her reasons for imposing the sentence given, and that the sentencing judge must explain her reasons for sentencing defendant at the high end of the guidelines recommended range. The defendant maintains that it is possible for a trial court to abuse its discretion in sentencing even though the sentence imposed is within the guidelines recommended range, and that an explanation of reasons for imposing sentence within the guidelines is necessary to aid appellate review for an abuse of discretion and to further the goal of continuing evaluation of the guidelines themselves.

The Court of Appeals held that the trial judge's statement that she was sentencing the defendant pursuant to the guidelines recommendation was sufficient to satisfy the *Coles* articulation-of-reasons requirement and that any sentence which is imposed within the guidelines is not shocking to that Court's conscience:

> In this case the trial judge stated on the record that she was sentencing defendant pursuant to the sentencing guidelines. Because the guidelines themselves take so many factors into consideration, including defendant's prior record and the circumstances surrounding the crime, we find that such a statement was sufficient to meet the *Coles*

requirement of articulation on the record of the reasons for the sentence imposed.

The trial judge's minimum sentence of 15 years falls within the minimum sentence suggested by the guidelines. Because defendant's sentence falls within the guidelines, the issue of whether his sentence is an abuse of discretion by the trial judge is nonexistent. The guidelines reflect past sentencing practices of the state's trial judges. We hold that any sentence imposed by a trial judge, which is within the guidelines, does not shock the judicial conscience of this Court. [*People v Murray*, 147 Mich App 227, 232; 383 NW2d 613 (1985).]

We agree with the *Murray* panel's holding to the extent that it concludes that the trial judge's statement satisfied the *Coles* articulation-of-reasons requirement.[18] In *Coles* we noted that the sentencing guidelines ensure that the sentencing court focuses on a consistent set of legally relevant sentencing factors. A trial court's reliance on the sentencing guidelines in imposing a minimum sentence constitutes sufficient justification for that sentence and no further explanation beyond the trial court's statement that it is following the guidelines is necessary. The guidelines are structured in such a way that they subsume the most pertinent sentencing considerations and seek to foreclose consideration of impermissible factors. The guidelines represent a comprehensive formula for determining what an appropriate sentence should be for that type of offender committing that type of offense. Sentences falling within the recommended range are presumptively not excessively severe or unfairly disparate because they fall

[18] We disagree, however, with the *Murray* panel's holding that a sentence falling within the guidelines cannot be shocking to the judicial conscience. We believe that a given sentence could conceivably represent an abuse of discretion to the extent that it shocks this Court's conscience, even though it falls within the guidelines recommendation.

within the sentencing norm for that class of offender.[19] Therefore, the defendant's conviction and sentence and the judgment of the Court of Appeals are affirmed.

In *Broden,* the sentencing guidelines recommended that Broden's minimum sentence range from 192 months to life imprisonment. The sentencing judge imposed the sentence of not less than sixteen nor more than thirty years. The sentencing judge explicitly indicated that he was relying on the guidelines in imposing that sentence and emphasized on remand that in his view no further explanation was necessary. We agree for the reasons stated above.[20] Therefore, we reverse the decision of the Court of Appeals in *Broden,* and affirm the defendant's conviction and sentence.

#### IV

In summary, we hold that a sentencing judge's reference only to the sentencing guidelines when giving reasons for the sentence imposed is a sufficient explanation under *Coles, supra,* when the guidelines recommendation is followed. The sentencing judges in *Murray* and *Broden* both referred to the sentencing guidelines as their reasons for the sentences imposed. Therefore, the Court of Appeals decision declining to remand *Murray* for further articulation of reasons for the sentence imposed is affirmed. The decision of the Court of Appeals in *Broden* remanding the matter to the trial court is reversed.

LEVIN, BRICKLEY, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, JJ., concurred with RILEY, C.J.

---

[19] Defendant Murray does not argue that the trial court abused its discretion in sentencing him to the maximum minimum sentence recommended by the guidelines, i.e, fifteen years.

[20] Defendant Broden also has not argued that her sixteen-to-thirty-year sentence constitutes an abuse of discretion. See n 18 and n 19.