PEOPLE v POTTS

Docket No. 115480. Submitted September 12, 1989, at Lansing. Decided November 21, 1989. Leave to appeal applied for.

Kathleen Potts pled guilty in the Jackson Circuit Court to voluntary manslaughter. The trial court, James G. Fleming, J., sentenced defendant to from three to fifteen years imprisonment. Defendant appealed alleging that error occurred when the trial court sentenced her after October 1, 1988, under the revised sentencing guidelines for a crime committed prior to the October 1, 1988, effective date of the revised guidelines.

The Court of Appeals *held:*

1. The trial court did not misinterpret Administrative Order No. 1988-4, 430 Mich ci (1988), by applying the revised guidelines to an offense committed before October 1, 1988. The plain language of the order requires the use of the revised guidelines in every sentence procedure after October 1, 1988.

2. The guidelines are procedural and, therefore, application of the revised guidelines after October 1, 1988, to a crime which occurred before their promulgation does not violate the ex post facto prohibitions of the United States or Michigan Constitutions.

Affirmed.

1. CRIMINAL LAW — SENTENCING GUIDELINES.

Effective October 1, 1988, a trial court must use the revised sentencing guidelines when sentencing a defendant for an offense which they cover regardless of whether the offense was committed prior to or after October 1, 1988 (Administrative Order No. 1988-4).

2. CRIMINAL LAW — EX POST FACTO LAWS.

A criminal law is ex post facto where it is applied to events which occurred prior to its enactment and where it disadvantages the offender affected by the law; the ex post facto prohibition applies to substantive matters, not to modes of procedure.

REFERENCES

Am Jur 2d, Constitutional Law §§ 641, 646, 649.

Supreme Court's view as to what constitutes an ex post facto law prohibited by federal constitution. 53 L Ed 2d 1146.

3. CRIMINAL LAW — SENTENCING GUIDELINES — EX POST FACTO
    LAWS.
     The sentencing guidelines are procedural rather than substantive
     in nature; application of the revised sentencing guidelines after
     their effective date, October 1, 1988, to a crime which occurred
     prior to that date does not violate the ex post facto prohibitions
     of the United States and Michigan Constitutions (US Const, art
     I, § 10, cl 1, Const 1963, art 1, § 10).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Jennifer A. Pilette*), for defendant on appeal.

Before: SHEPHERD, P.J., and DOCTOROFF and MARILYN KELLY, JJ.

PER CURIAM. Defendant pled guilty to a reduced charge of voluntary manslaughter. MCL 750.321; MSA 28.553. She was sentenced to three to fifteen years in prison. She appeals as of right, and we affirm.

Defendant was sentenced under the revised sentencing guidelines. She committed the crime prior to the revision of the guidelines. On appeal, she contends that the trial court's retroactive application of the revised guidelines misconstrues Administrative Order No. 1988-4, 430 Mich ci (1988), and violates the provision against ex post facto legislation. US Const, art I, § 10, cl 1, Const 1963, art 1, § 10.

Initially we note that defendant failed to raise this issue in the trial court. Generally this Court does not address issues raised for the first time on appeal. However review may be appropriate where a significant constitutional question is presented.

*People v Calloway,* 169 Mich App 810, 818; 427 NW2d 194 (1988).

Administrative Order No. 1988-4 provides that effective October 1, 1988, the trial court must use the revised guidelines when sentencing a defendant for an offense which they cover. Defendant argues that the court misinterpreted the order by applying the revised guidelines to an offense committed before October 1, 1988. We disagree.

The plain language of the order requires the use of the revised guidelines in every sentencing procedure after October 1, 1988. The previous administrative orders mandating the use of the first edition of the guidelines were rescinded as of October 1. The order is clear and unambiguous. See *Issa v Garlinghouse,* 133 Mich App 579, 581; 349 NW2d 527 (1984).

Next, defendant contends that retroactive application of the revised guidelines violates federal and state ex post facto prohibitions.

A criminal law is ex post facto where it is applied to events which occurred prior to its enactment and where it disadvantages the offender affected by the law. *Miller v Florida,* 482 US 423, 430; 107 S Ct 2446; 96 L Ed 2d 351 (1987). Ex post facto prohibition applies to substantive matters, not to modes of procedure. *Miller,* 433. The prohibition serves two purposes: it restricts legislatures from enacting arbitrary or vindictive legislation and provides fair notice. *Calder v Bull,* 3 US (3 Dall) 386, 390; 1 L Ed 648 (1798); *Miller,* 429-430.

The Michigan sentencing guidelines do not increase the punishment for defendant's crime. They are a tool to assist the sentencing judge in the exercise of discretion. They do not convey substantive rights to defendant. *People v Strunk,* 172 Mich App 208, 210; 431 NW2d 223 (1988), lv den 432 Mich 883 (1989). They do not create presump-

tive sentences. In fact, departure is encouraged. *People v Ridley,* 142 Mich App 129, 133-134; 369 NW2d 274 (1985). Further, all sentences are subject to appellate review. *People v Broden,* 428 Mich 343, 354; 408 NW2d 789 (1987). Cf. *Miller, supra.*

We conclude that the guidelines are procedural rather then substantive. Therefore, the application of the revised guidelines after October 1, 1988, to a crime which occurred before their promulgation does not violate ex post facto prohibitions.

Affirmed.