PEOPLE v POTTS

Docket No. 88140. Decided September 25, 1990. On application by the defendant for leave to appeal, the Supreme Court in lieu of granting leave, affirmed the decision of the Court of Appeals.

Kathleen Potts pled guilty in the Jackson Circuit Court, James G. Fleming, J., of involuntary manslaughter and was sentenced to three to fifteen years in prison. The Court of Appeals, SHEPHERD, P.J., and DOCTOROFF and MARILYN J. KELLY, JJ., affirmed in an opinion per curiam, holding that the sentencing court did not err in applying the revised sentencing guidelines to the defendant's May 1988 offense because Administrative Order No. 1988-4 requires use of the second edition of the guidelines in every sentencing proceeding after October 1, 1988, and that the application did not violate the Ex Post Facto Clauses of the state and federal constitutions because the guidelines are procedural, not substantive (Docket No. 115480). The defendant seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice RILEY and Justices LEVIN, BRICKLEY, CAVANAGH, ARCHER, and GRIFFIN, the Supreme Court held:

Administrative Order No. 1988-4 requires use of the second edition of the sentencing guidelines when sentencing a defendant after October 1, 1988. There is no violation of the ex post facto provisions where the enactment at issue alters modes of procedure rather than substantial personal rights.

1. The requirement that use of the second edition of the sentencing guidelines is mandatory as of the date that a sentence is imposed rather than as of the date an offense is committed is consistent with the manner in which the first edition was introduced and revised. Administrative Order No. 1988-4 does not entitle the defendant to resentencing.

2. There is no violation of state or federal ex post facto provisions. The guidelines are intended as a tool to assist a sentencing judge in the exercise of discretion. They convey no substantive rights and are procedural only.

Justice BOYLE, concurred in the result because (1) the defendant failed to object to the application of the second edition of the sentencing guidelines at her sentencing and did not file

postsentencing motions in the trial court, thus failing to pre-
serve the error for appellate review, and (2) the sentencing
guidelines are not statutory enactments and do not have the
force and effect of law, and thus the Ex Post Facto Clause is
not implicated.

Affirmed.

181 Mich App 311; 448 NW2d 820 (1989) affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Joseph S. Filip,* Prosecut-ing Attorney, and *Jerrold Schrotenboer,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Jennifer A. Pilette*) for the defendant.

Per Curiam. The defendant pleaded guilty of involuntary manslaughter and received a prison term of from three to fifteen years. She seeks to be resentenced on the ground that the circuit judge erred in applying the revised sentencing guidelines of October 1, 1988, to her May 1988 offense. We are persuaded that there was no error.

I

The defendant was charged with open murder[1] and possession of a firearm during the commission of a felony[2] in connection with the May 1988 fatal shooting of her sixteen-year-old daughter. The inci-dent occurred during an argument at the family home.

In September 1988, the defendant pleaded guilty in Jackson Circuit Court to a reduced charge of involuntary manslaughter,[3] admitting gross negli-gence in the discharge of a firearm. In exchange

[1] MCL 750.316; MSA 28.548.
[2] MCL 750.227b; MSA 28.424(2).
[3] MCL 750.321; MSA 28.553.

for her plea, the Jackson County Prosecutor agreed to the dismissal of the original charges.

The defendant was sentenced on October 20, 1988, to serve a prison term of from thirty-six months to fifteen years. The minimum sentence was in the middle of the recommended range set forth in the second edition of the sentencing guidelines (twelve to sixty months). The second edition took effect October 1, 1988. Administrative Order No. 1988-4, 430 Mich ci.

The defendant challenged her sentence in the Court of Appeals. She argued that, since her offense was committed prior to the effective date of the second edition of the guidelines, the circuit judge should have applied the first edition. As scored by the defendant, the recommended minimum sentence under the earlier edition would have been only zero to thirty-six months. She contended that her actual sentence thus would have been less, since the circuit judge clearly did not intend to impose a sentence at the top of the guidelines.[4]

In an opinion per curiam, the Court of Appeals denied relief. 181 Mich App 311; 448 NW2d 820 (1989). The panel held that the sentencing court did not err in applying the revised guidelines of October 1, 1988, to the defendant's May 1988 offense. The Court reasoned that Administrative Order No. 1988-4 plainly required the use of the second edition in every sentencing proceeding after October 1, and that there was no ex post facto

---

[4] The sentencing judge stated that he was taking into account the record, the remarks of defense counsel, and the information and recommendation in the presentence report. Upon consideration of the need to protect society and for deterrence, rehabilitation, and punishment, he was persuaded not to impose the maximum allowable sentence of from ten to fifteen years. See MCL 750.321; MSA 28.553, and *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). Rather, the court "put the emphasis on the minimum aspects of the sentence because the law does have some compassion."

problem because the guidelines were procedural, not substantive.

The defendant asks this Court to overturn the decision of the Court of Appeals and to order that she be resentenced.

II

We agree with the Court of Appeals that Administrative Order No. 1988-4 required the circuit judge to apply the second edition of the sentencing guidelines when sentencing the defendant on October 20, 1988. The order states, in pertinent part:

> Administrative Order No. 1985-2, 420 Mich lxii, and Administrative Order No. 1984-1, 418 Mich lxxx, are rescinded as of October 1, 1988. *The Sentencing Guidelines Advisory Committee is authorized to issue the second edition of the sentencing guidelines, to be effective October 1, 1988. Until further order of the Court, every judge of the circuit court* and of the Recorder's Court for the City of Detroit *must thereafter use the second edition of the sentencing guidelines when imposing a sentence for an offense that is included in the guidelines.* [430 Mich ci. Emphasis added.]

Our conclusion—that use of the second edition is tied to the date that sentences are imposed, rather than to the date that offenses are committed—is consistent with the manner in which the first edition was introduced and revised. This Court initially invited judges to use the guidelines, but did not require them to do so. See Administrative Order No. 1983-3, 417 Mich cxxi, which took effect May 1, 1983. We subsequently made the use of the first edition mandatory, effective March 1, 1984.

Administrative Order No. 1984-1, 418 Mich lxxx.[5] The guidelines were routinely applied after March 1 in cases where the offenses had occurred prior to that date.[6]

The first edition of the sentencing guidelines was revised several times. The State Court Administrative Office issued replacement pages that contained revisions dated October 1982, April 1983, April 1984, and October 1984. These revisions were given immediate effect by sentencing judges. Thus, we reject the defendant's contention that she is entitled to be resentenced because of Administrative Order No. 1988-4. Our inquiry does not end here, however.

### III

The defendant also asserts that application of the second edition of the sentencing guidelines violates the proscriptions against ex post facto laws in the state and federal constitutions.

Const 1963, art 1, § 10, states:

> No bill of attainder, ex post facto law or law impairing the obligation of contract shall be enacted.

There are two relevant federal provisions. US Const, art I, § 9, cl 3 states:

> No Bill of Attainder or ex post facto Law shall be passed.

---

[5] Administrative Order No. 1984-1 provided that the guidelines would be mandatory for a period of one year, effective March 1, 1984. Administrative Order No. 1985-2, 420 Mich lxii, extended the mandate until further order of the Court.

[6] See, e.g., *People v Walker,* 428 Mich 261; 407 NW2d 367 (1987), *People v Broden,* 428 Mich 343; 408 NW2d 789 (1987), and *People v Fleming,* 428 Mich 408; 410 NW2d 266 (1987).

US Const, art I, § 10, cl 1, states:

> *No State shall* enter into any Treaty, Alliance,
> or Confederation; grant Letters of Marque and
> Reprisal; coin Money; emit Bills of Credit; make
> any Thing but gold and silver Coin a Tender in
> Payment of Debts; *pass any* Bill of Attainder, *ex
> post facto Law,* or Law impairing the Obligation of
> Contracts, or grant any Title of Nobility. [Emphasis added.]

This Court has reviewed the history of these
provisions. *People v Stevenson,* 416 Mich 383, 394,
399; 331 NW2d 143 (1982). We have recognized
that, although the Ex Post Facto Clause does not
apply directly to the judiciary, it applies by analogy through the Due Process Clause of the Fifth
and Fourteenth Amendments of the United States
Constitution. *Id.* at 395; *Bouie v City of Columbia,*
378 US 347, 353-354; 84 S Ct 1697; 12 L Ed 2d 894
(1964).

The United States Supreme Court considered
the Ex Post Facto Clause in *Calder v Bull,* 3 US (3
Dall) 386; 1 L Ed 648 (1798). Justice Chase observed in that case that the term "ex post facto"
predated the American Revolution, and explained
his understanding of the laws which it precluded:

> 1st. Every law that makes an action done before
> the passing of the law, and which was innocent
> when done, criminal; and punishes such action. 2d.
> Every law that aggravates a crime, or makes it
> greater than it was, when committed. 3d. Every
> law that changes the punishment, and inflicts a
> greater punishment, than the law annexed to the
> crime, when committed. 4th. Every law that alters
> the legal rules of evidence, and receives less, or
> different, testimony, than the law required at the
> time of the commission of the offence, in order to
> convict the offender. [*Id.* at 390. See also *Beazell v*

*Ohio,* 269 US 167, 169-170; 46 S Ct 68; 70 L Ed 216 (1925).]

In a series of more recent cases, the Court has set forth the test for determining whether a law violates the ex post facto provision. In *Dobbert v Florida,* 432 US 282, 293; 97 S Ct 2290; 53 L Ed 2d 344 (1977), the Court said that there is no violation unless the law alters "substantial personal rights" as opposed to "modes of procedure which do not affect matters of substance."[7] In *Weaver v Graham,* 450 US 24; 101 S Ct 960; 67 L Ed 2d 17 (1981), the Court said that the law must be retrospective, i.e., it must apply to events occurring before its enactment, and that it must disadvantage the offender affected by it. More recently, the Court observed that "[t]he constitutional prohibition against *ex post facto* laws cannot be avoided merely by adding to a law notice that it might be changed." *Miller v Florida,* 482 US 423, 431; 107 S Ct 2446; 96 L Ed 2d 351 (1987). (Emphasis in original.)

IV

The defendant relies on *Miller* to argue that retroactive application of the second edition of the sentencing guidelines to her offense violates the ex post facto provision. In *Miller,* the Court considered a similar question with regard to Florida's sentencing guidelines. There, as here, the defendant's offense was committed when the original guidelines were in effect, but the defendant was

[7] In *Collins v Youngblood,* 497 US —; 110 S Ct 2715; 111 L Ed 2d 30 (1990), the Court said that the distinction set forth in *Dobbert* and other cases has caused confusion in the interpretation of the Ex Post Facto Clause. The Court explained that simply labeling a law "procedural" will not immunize it from scrutiny if it falls within the categories defined in *Calder, supra.*

sentenced after revisions had increased the mini-
mum range.

There are several important differences between
the instant case and *Miller.* The most important,
for purposes of our analysis, is that the Florida
guidelines establish a presumptive sentencing
range; a judge may depart from the guidelines
only by giving "clear and convincing" reasons in
writing. The only sentences that are subject to
appellate review are those where there has been
such a departure. *Miller, supra* at 426.

In Michigan, there is no such "presumptive"
range. Judges are permitted to depart from the
sentencing guidelines, and are required merely to
explain their reasons for doing so. Further, all
sentences are subject to appellate review. *People v
Coles,* 417 Mich 523; 339 NW2d 440 (1983), *People
v Broden,* 428 Mich 343; 408 NW2d 789 (1987),[8]
and *People v Milbourn,* 435 Mich 630; 461 NW2d 1
(1990).

V

The differences between the Michigan sentenc-
ing guidelines and the Florida scheme are critical
to a resolution of the ex post facto question.[9]

[8] Another difference between the Michigan and Florida sentencing
guidelines is that the Florida scheme was enacted by the Florida
Legislature, although the Florida Supreme Court developed the guide-
lines, themselves. *Miller, supra* at 425. The Michigan guidelines were
not a legislative enactment.

Further, the Florida guidelines replaced that state's system of
indeterminate sentencing. *Id.* The Michigan guidelines did not replace
this state's system of indeterminate sentencing.

Still another difference is that revisions to the Florida sentencing
guidelines, even though made by the Florida Supreme Court, take
effect only when they are adopted by the Florida Legislature. *Smith v
Florida,* 537 So 2d 982 (Fla, 1989). In Michigan, revisions take effect
upon the approval of this Court.

[9] It is helpful to keep in mind how this state's Sentencing Guide-
lines Advisory Committee arrives at a recommended minimum sen-

Sentencing judges in this state are required by this Court's administrative orders to consider the minimum range recommended by the guidelines, but are not bound by it. As the Court of Appeals observed, the guidelines are but "a tool to assist the sentencing judge in the exercise of discretion." 181 Mich App 313.

It cannot be said, therefore, that the Michigan guidelines convey substantive rights. Since there are no presumptive sentences, the guidelines as revised did not increase the punishment for the defendant's crime. Neither before nor after the revisions did the guidelines limit the discretion afforded the sentencing judge in this case by the indeterminate sentencing act. MCL 769.8; MSA 28.1080.[10] There is no violation of the ex post facto provision where the enactment at issue alters modes of procedure rather than substantial personal rights. *Dobbert* and *Miller, supra.*

After due consideration of the reasoning in *Miller* and of the principles set forth, above, we conclude that there was no violation of the ex post facto provision in this case. Accordingly, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, we affirm the decision of the Court of Appeals.

RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, ARCHER, and GRIFFIN, JJ., concurred.

---

tence range for a particular offense. The recommendation does not stem from policy or philosophical considerations to increase or decrease punishment, but instead reflects actual current practices of Recorder's Court judges and circuit judges throughout the state. See McComb, *An overview of the second edition of the Michigan Sentencing Guidelines,* 67 Mich B J 863 (1988), and the discussion in *Milbourn, supra,* pp 655-658.

[10] The Legislature has set the maximum penalty for the crime committed by the defendant at fifteen years. MCL 750.321; MSA 28.553. Thus, the most severe minimum sentence that the sentencing judge could have imposed was ten years. *People v Tanner,* n 4 *supra.*

BOYLE, J. I concur in the result for the following reasons.

(1) I cannot ignore the fact that the defendant did not object to application of the second edition of the guidelines at her sentencing, nor did she file any postsentencing motions in the trial court. Thus, she failed to properly preserve the error for appellate review. The failure of appellate courts to apply the raise-or-waive requirement invites appeals on the basis of afterthought, increases the costs of, and the burden on, appellate courts to correct errors that might have been remedied if brought to the attention of the trial court, and undermines the standard of practice of trial attorneys.

(2) The sentencing guidelines are not statutory enactments and do not have the force and effect of law. Thus, the Ex Post Facto Clause is not implicated.