*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DWUAN TAMAUL PARKMAN,

Defendant-Appellant.

UNPUBLISHED
June 4, 2020

No. 340943
Wayne Circuit Court
LC No. 16-006766-01-FC

Before: RIORDAN, P.J., and JANSEN and STEPHENS, JJ.

Riordan, P.J. (*concurring in part and dissenting in part*).

I respectfully dissent in the majority's conclusion that the trial court failed to adequately explain its rationale for imposing consecutive sentences. I agree with the majority in all other respects. Therefore, I would affirm defendant's convictions and sentences.

"[T]rial courts imposing one or more discretionary consecutive sentences are required to articulate on the record the reasons for each consecutive sentence imposed." *People v Norfleet*, 317 Mich App 649, 654; 897 NW2d 195 (2016); see also *People v Broden*, 428 Mich 343, 350-351; 408 NW2d 789 (1987) ("In order to aid the appellate review process in determining whether there has been an abuse of discretion, . . . the trial court must, at the time of sentencing, articulate on the record its reasons for imposing the sentence given. A silent record precludes the appellate court from determining whether the trial court considered impermissible factors or whether an ostensibly harsh or disparate sentence is justified by permissible considerations. The articulation-of-reasons requirement further acts as a safeguard against rash and arbitrary decisions by forcing the sentencing judge to focus on relevant factors, and it also reduces the risk that inaccurate information will be considered.").

Defendant contends that at both sentencing and the *Ginther*[1] hearing, the trial court steadfastly refused to explain why it had imposed consecutive sentences. When announcing its

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

ruling at sentencing, the trial court explained:

> Well, I'm gonna exercise my discretion in favor of consecutive sentencing in this case. I think it's appropriate.
>
> * * *
>
> Actually home invasion here I could—I have the discretion to sentence him to life because it's a 20 year offense and he was convicted as a habitual fourth offender, but I'm going to in the exercise of my discretion sentence the defendant to a term of years on the home invasion.

Viewing those comments in context, the trial court's rationale for imposing a consecutive sentence is clear—in lieu of exercising its discretion under MCL 769.12(1)(b) to impose a life sentence against defendant with regard to his convictions, the trial court elected to take a more lenient tack, even if limited, and imposed consecutive term-of-years sentences of 35 years to 35 years and a day for the conviction of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(c) (penetration under circumstances involving the commission of any other felony), followed by 20 to 30 years for the first-degree home invasion conviction, MCL 750.110a(2).

It is true that, in effect, the consecutive sentences imposed by the trial court could serve as a de facto life sentence, given that defendant was 47 years old at the time of sentencing and will first become eligible for parole after serving his cumulative minimum sentence of 55 years. See MCL 769.12(4)(b); MCL 791.234 ("if a prisoner subject to disciplinary time is sentenced for consecutive terms, . . . the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served *the total time of the added minimum terms*") (emphasis added). However, defendant fails to recognize that the trial court did, in fact, explain its rationale for imposing consecutive sentences in this case. And because he offers no argument that the trial court's stated reasons were erroneous or that they resulted in a sentence that fell outside the range of principled outcomes, he has abandoned any such claim of error. See *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001), quoting *Mitcham v City of Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). This, the majority fails to recognize.

Accordingly, I would affirm defendant's convictions and sentences.

/s/ Michael J. Riordan

-2-