*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KYLE JOSEPH LONGACRE,

        Defendant-Appellant.

UNPUBLISHED
January 21, 2021

No. 351176
Branch Circuit Court
LC No. 18-112381-FH

Before: REDFORD, P.J., and MARKEY and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his guilty plea to fourth-degree fleeing and eluding a police officer, MCL 750.479a(2). The trial court sentenced defendant to 14 to 24 months' imprisonment. We affirm.

## I. FACTUAL BACKGROUND

This case arose from defendant fleeing from a police officer while driving his motor vehicle. Bronson Police Department Officer Douglas Pope attempted to stop defendant, but he sped away at 90 to 100 miles per hour, until he lost control and rolled several times before coming to a stop. Officer Pope found defendant at the scene of the accident.

Pursuant to a plea agreement, defendant pleaded guilty to fourth-degree fleeing and eluding a police officer, and the prosecution dismissed additional charges. The trial court found that a factual basis supported defendant's guilty plea. The trial court sentenced defendant to 14 to 24 months' imprisonment. Defendant later moved to correct an invalid sentence on the ground that the trial court improperly sentenced him without providing substantial and compelling reasons for the prison sentence when MCL 769.34(4) provided for an intermediate sentence in jail. The prosecution opposed defendant's motion and argued that the sentencing guidelines were advisory

---

[1] *People v Longacre*, unpublished order of the Court of Appeals, entered December 13, 2019 (Docket No. 351176).

only and that the trial court imposed a proportionate sentence. The trial court denied defendant's motion. Defendant now appeals.

## II. STANDARDS OF REVIEW

We review a departure from the advisory sentencing guidelines range for reasonableness. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A trial court abuses its discretion when it chooses an outcome falling outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). "This Court has also repeatedly held that a sentence is invalid if it is based on inaccurate information." *People v Miles*, 454 Mich 90, 96; 559 NW2d 299 (1997) (citation omitted). If a sentence is within the appropriate advisory guidelines sentence range, a defendant is entitled to resentencing only if there is a scoring error or if the trial court relied on inaccurate information. *People v Francisco*, 474 Mich 82, 88-89, 92; 711 NW2d 44 (2006).

## III. ANALYSIS

Defendant argues that the trial court abused its discretion by sentencing him to a minimum sentence of 14 months in prison, rather than a term of 12 months in jail. We disagree.

If a sentence is within the applicable guidelines range, it is only appealable if a scoring error occurred or the sentencing court relied on inaccurate information in determining the sentence, and defendant raised the issue at sentencing, in a motion for resentencing, or in a motion to remand. MCL 769.34(10); *People v Kimble*, 470 Mich 305, 310-311; 684 NW2d 669 (2004). MCL 769.34(4) pertains to the imposition of an intermediate sentence in jail, rather than a prison sentence. In *Lockridge*, our Supreme Court held that the sentencing guidelines are advisory and struck down the requirement that a trial court must provide substantial and compelling reasons to depart from the sentencing guidelines. *Lockridge*, 498 Mich at 365, 391. The Court indicated that "[t]o the extent that any part of MCL 769.34 or another statute refers to use of the sentencing guidelines as mandatory or refers to departures from the guidelines, that part or statute is also severed or struck down as necessary." *Id*. at 365 n 1. Therefore, pursuant to *Lockridge*, a trial court may, but is not required to, impose an intermediate sentence under MCL 769.34(4), and the trial court is not required to provide substantial and compelling reasons to justify its decision not to impose an intermediate sanction. See *People v Schrauben*, 314 Mich App 181, 194-195; 886 NW2d 173 (2016).

In *Steanhouse*, our Supreme Court explained that the key test in evaluating a departure sentence " 'is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Steanhouse*, 500 Mich at 472, quoting *People v Milbourn*, 435 Mich 630, 661; 461 NW2d 1 (1990). Further, when a trial court departs from the applicable sentencing guidelines, it need only provide "adequate reasons for the extent of the departure sentence imposed." *Steanhouse*, 500 Mich at 476.

In this case, the trial court calculated under the guidelines defendant's recommended minimum sentence range of 2 to 17 months' imprisonment. The trial court sentenced defendant

to a minimum sentence of 14 months' imprisonment with the Michigan Department of Corrections. The minimum sentence fell within the range authorized by law and constituted a presumptively proportionate sentence and did not exceed the statutory maximum. See *People v Broden*, 428 Mich 343, 354-355; 408 NW2d 789 (1987) ("The guidelines represent a comprehensive formula for determining what an appropriate sentence should be for that type of offender committing that type of offense. Sentences falling within the recommended range are presumptively not excessively severe or unfairly disparate because they fall within the sentencing norm for that class of offender."); see also MCL 769.34(10). Defendant does not dispute that his sentence fell within the recommended minimum guidelines range, nor does he argue and cannot establish that the trial court relied on inaccurate information. Therefore, we must affirm the sentence. See *Schrauben*, 314 Mich App at 195-196.

To the extent that defendant argues that the trial court imposed a disproportionate or unreasonable sentence, the record reflects that defendant, a 30-year-old, had numerous misdemeanor and felony convictions that included resisting and obstructing, attempted assaults of prison employees, malicious destruction of property, and retail fraud. The record also indicates that defendant previously committed crimes while on probation and failed to comply with the terms of his probation. Regarding the circumstances of the offense, defendant admitted that he fled from Officer Pope at a high rate of speed, swerved to pass vehicles, hit another vehicle, and rolled and crashed his vehicle. When apprehended, defendant reported to Officer Pope that he had a hitchhiker for a passenger. Defendant, however, indicated during his sentencing hearing that he fled from Officer Pope because his passenger had outstanding arrest warrants, and defendant sought to aid his passenger in evading arrest. The record also indicates that defendant possessed marijuana and after the car accident tested positive for amphetamine and methamphetamine.

The trial court considered all of the evidence and based its sentence, as required, on the seriousness of the offense and the offender. The trial court's imposition of a prison sentence, rather than a jail term, served the purpose of disciplining defendant for the seriousness of his offense and accounted for his repeated criminal activity and failure to rehabilitate. See *People v Hansford*, 454 Mich 320, 325-326; 562 NW2d 460 (1997) (holding that the defendant's extensive criminal history and clear inability to reform his conduct justified the trial court's imposition of an increased sentence on the basis of the defendant's status as a habitual offender); *People v Adams*, 430 Mich 679, 686-687; 425 NW2d 437 (1988) (stating that the four basic considerations for a trial court in sentencing a defendant are: "[1] the reformation of the offender, [2] protection of society, [3] the disciplining of the wrongdoer, and [4] the deterrence of others from committing like offenses") (quotation marks and citations omitted). Further, defendant's act of fleeing from a police officer in a motor vehicle at a high rate of speed while under the influence of drugs, for the purpose of aiding another person to evade arrest, demonstrated defendant's lack of respect for the law and seriously posed a safety risk to the public. The imposition of a prison sentence, rather than a jail sentence, therefore, was "proportionate to the seriousness of the circumstances surrounding the offense and the offender." See *Milbourn*, 435 Mich at 636. Accordingly, the trial court did not abuse its discretion when it imposed a prison sentence with a minimum sentence within the sentencing guidelines range. See *Steanhouse*, 500 Mich at 471; *Broden*, 428 Mich at 354-355.

The trial court appropriately imposed a reasonable and proportionate sentence.  See *Lockridge*, 498 Mich at 392.

Affirmed.

/s/ James Robert Redford
/s/ Jane E. Markey
/s/ Mark T. Boonstra