*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JORGE GABIEL ESPINOZA-VALLECIL,

        Defendant-Appellant.

UNPUBLISHED
November 16, 2023

No. 363806
Wayne Circuit Court
LC No. 18-000825-01-FH

Before: BOONSTRA, P.J., and GADOLA and MALDONADO, JJ.

PER CURIAM.

Defendant appeals as of right his resentencing for his jury trial convictions of reckless driving causing death, MCL 257.626(4), and failure to stop at the scene of an accident resulting in serious impairment or death, MCL 257.617(2), after remand by this Court.[1] Defendant was resentenced to 84 months'[2] to 15 years' imprisonment for reckless driving causing death, and one to five years' imprisonment for failure to stop at the scene, to be served concurrently. Defendant's sentence is now near the upper limit of the sentencing guidelines. On appeal, defendant argues that his sentence is disproportionate to the offense and offender and is based on factors already encompassed within the guidelines. We affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a hit-and-run incident that resulted in the death of a pedestrian. Defendant was originally sentenced on November 9, 2018. The presentence investigation report

---

[1] *People v Espinoza-Vallecil*, unpublished per curiam opinion of the Court of Appeals, issued November 24, 2022 (Docket No. 346847).

[2] At the resentencing hearing, the trial court stated the minimum sentence for defendant's reckless driving conviction would be 86 months' imprisonment, however, the judgment of sentence states defendant's minimum sentence is 84 months' imprisonment.

(PSIR) listed three previous felony convictions.[3] The PSIR resulted in an assessment of 30 points total for prior record variables (PRVs), 50 points for offense variable (OV) 3 (physical injury to victim, causing death), MCL 777.33, and 10 points for OV 17 (degree of negligence, wanton or reckless disregard for life of another), MCL 777.47. The recommended guidelines minimum range was calculated as 43 to 86 months. When sentencing defendant, the trial court found defendant's continued denial of guilt self-serving and absurd in the face of the "overwhelming" evidence against him. The trial court also found that defendant lied to the jury while representing himself and during his testimony, and it concluded that he exhibited a lack of remorse. The trial court adopted the prosecution's request for an above-guidelines sentence, stating "the specific facts of this case, driving, killing an individual based on his actions and then not taking any responsibility for it," influenced the sentencing decision. The trial court sentenced defendant to an above-guidelines sentence of 10 to 15 years' imprisonment for reckless driving causing death, and one to five years' imprisonment for failure to stop at the scene of an accident, to be served concurrently. Defendant appealed, and this Court affirmed defendant's convictions but remanded for resentencing because the trial court's above-guideline sentence was partially based on the improper factor of defendant's denial of guilt, and was otherwise not sufficiently explained. *Espinoza-Vallecil*, unpub op at 1, 7, 9.

At defendant's resentencing, defendant's counsel indicated she reviewed the PSIR with defendant, and they had no additions or changes to make. The parties agreed the guidelines range for the sentencing offense (reckless driving causing death) was 43 to 86 months. The prosecution argued that one factor not taken in account by the guidelines was defendant's "callous . . . behavior, immediately after the offense," including going to a bar to continue drinking "as the victim was dead, or dying." The prosecution recommended reinstatement of the original departure sentence. Defense counsel argued against consideration of defendant's behavior after the accident, pointing out the charges against defendant already encompassed his failure to stop. The prosecution responded by arguing that OV 17 addresses only actions during the offense, not evidence of his disregard after the event. Defendant once again maintained his innocence. When resentencing defendant, the trial court stated:

> I appreciate [the prosecutor's] argument, that his actions were callous, certain [sic] afterward. . . . I think that the, it's an argument that can be made, that they could—there certainly could be an argument, also, that that is encompassed in OV-17. . . . I also, as indicated, believe that the Court already addressed the issue of, uhm, a lack of remorse. The Court indicated, previously, on the record. . . . And the Court of Appeals indicated, the Court's reliance on the defendant's failure—failure to take responsibility, establishes that his sentence was partly based on his continued assertion of innocence, and did not find that as a valid factor. . . . But this was an awful case in which the defendant not only killed an individual, but yes, with

---

[3] The felonies were noted as transport and sale of narcotics in May 2001 (three years imprisonment), felon in possession of a firearm in May 2004 (two years' imprisonment), and illegal entry into the United States after deportation in June 2008 (30 months' imprisonment).

wanton, reckless disregard to his life, went back to the bar, and drank. . . . And then, tried to cover it up, with how he acted in the days following. . . .

So, based on the Court of Appeals' decision, which the Court respects, because it is the higher Court . . . . The Court, nonetheless, believes that a top of the guideline sentence, based on this case, and even some of the issues that I previously articulated, at sentencing, would be appropriate. . . . And, uh, as a result of the defendant's criminal record; as a result of his wanton and reckless disregard for the life of another person; as a result, the heinous aspect of this case; uh, I find that the top of the guideline sentence would be appropriate. . . .

This appeal followed.

## II. STANDARD OF REVIEW

We review whether a trial court properly imposed a sentence that was proportionate to the offender and offense for abuse of discretion. See *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). An abuse of discretion occurs "when the trial court chooses an outcome falling outside this principled range of outcomes." *People v Skinner*, 502 Mich 89, 133; 917 NW2d 292 (2018) (quotation marks, citation, and alteration omitted). A review of a sentence for reasonableness asks

> whether the trial court abused its discretion by violating the "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. [*Steanhouse*, 500 Mich at 459-460 (quotation marks omitted).]

See also *People v Posey*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 162373); slip op at 5, 16-19.

## III. ANALYSIS

Defendant argues that, by sentencing him at the top of the guidelines range, the trial court imposed a disproportionately harsh sentence. We disagree.

Due process requires that all defendants are entitled to an individualized sentence, and such a sentence should be "tailored to the particular circumstances of the case and offender." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022). A trial court properly "exercises the discretion left to it . . . *not* by applying its own philosophy of sentencing, but by determining where, on the continuum from the least to the most serious situations, an individual case falls and by sentencing the offender in accordance with this determination." *Milbourn*, 435 Mich at 653-654. "Accordingly, a given sentence can be said to constitute an abuse of discretion if that sentence violates the principle of proportionality, which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id.* at 636.

Although the sentencing guidelines are advisory, trial courts must nevertheless properly score them and take them into account when imposing a sentence. See *Steanhouse*, 500 Mich at 474-475; *People v Lockridge*, 498 Mich 358, 365, 391-392 & n 28; 870 NW2d 502 (2015). The sentencing guidelines represent the " 'barometer' of where on the continuum from the least to the most threatening circumstances a given case falls." *Milbourn*, 435 Mich at 656. If the trial court selects a sentence that falls within the range recommended pursuant to the advisory guidelines, that sentence is presumptively proportionate. *Posey*, ___ Mich at ___; slip op at 19; see also *People v Broden*, 428 Mich 343, 354-355; 408 NW2d 789 (1987) ("Sentences falling within the recommended range are presumptively not excessively severe or unfairly disparate because they fall within the sentencing norm for that class of offender.").

Even though a sentence that falls within the range for a minimum sentence recommended under the guidelines is presumptively reasonable, appellate courts must still review the sentence for reasonableness under the test stated in *Steanhouse*.[4] See *Posey*, ___ Mich at ___; slip op at 5, 16-19. A defendant "bears the burden of overcoming the presumption" of proportionality. *Id*. at 18. "When making this determination and sentencing a defendant, a trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 524-525; 909 NW2d 458 (2017) (quotation marks and citations omitted). To justify a sentence imposed, a trial court may consider: "(1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight." *Id*. at 525 (citations omitted). These factors were articulated for the evaluation of departure sentences, but they remain relevant when discussing within-guidelines sentences.

When placing defendant's sentence at the high end of the continuum of the guidelines range, the trial court first stated it was not considering what was already encompassed in the OVs, specifically: "[T]he wanton disregard, and reckless disregard . . . for life of another person, and . . . that is factored in the guidelines. And I certainly found that that was the case here." Though the trial court recognized the prosecution's argument that OV 17 only addresses actions taken during commission of the offense, defendant's callous behavior after the crime was a separate consideration from the disregard for life demonstrated during the crime, which was the characteristic considered in the assessment of OV 17. The trial court only stated it considered this behavior encompassed within OV 17. Regardless, it is permissible to consider factors contemplated by the guidelines to support a sentence within the guidelines range.

---

[4] A review of a sentence for reasonableness asks "whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in [*Milbourn*, 435 Mich at 636], which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 459-460 (quotation marks omitted).

Next, the trial court turned to the potentially overlapping considerations of defendant's lack of remorse and defendant's claim of innocence. The trial court stated: "I also, as indicated, believe that the Court already addressed the issue of, uhm, a lack of remorse." The trial court acknowledged this Court's previous conclusion that a "reliance on the defendant's failure . . . to take responsibility, establishes that his sentence was partly based on his continued assertion of innocence," which was an invalid factor. The trial court made no further mention of defendant's refusal to take responsibility. This contrasts with the original sentencing, when the trial court specifically listed "not taking any responsibility" as an independent factor. Because the trial court did not list anything akin to the refusal to admit guilt as a factor in its proportionality analysis at resentencing,[5] the trial court's simple indication it considered a lack of remorse in sentencing does not render the sentence unreasonable.

In sum, the trial court stated: "[A]s a result of the defendant's criminal record; as a result of his wanton and reckless disregard for the life of another person; as a result, the heinous aspect of this case; uh, I find that the top of the guideline sentence would be appropriate." The trial court's mention of defendant's criminal record and disregard for life do not indicate impermissible double consideration of factors already encompassed in the guidelines. The guidelines include a mandate for sentencing courts to exercise their discretion to determine "where, on the continuum from the least to the most serious situations, an individual case falls and by sentencing the offender in accordance with this determination." *Milbourn*, 435 Mich at 653-654. This determination should include consideration of: "(1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight." *Dixon-Bey*, 321 Mich App at 525 (citations omitted). The guidelines produce a range because "[s]entencing is more than a rote or mechanical application of numbers to a page," *Heller*, 316 Mich App at 320, and part of the sentencing court's task is to explain "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been," *Dixon-Bey*, 321 Mich App at 524-525 (citations and quotation marks omitted).

The trial court listed defendant's criminal history and disregard for life as strong factors, which it gave weight to in placing defendant and his offense on the continuum presented by the guidelines range. The trial court also made clear it considered the facts of the offense "heinous" and "awful," a "factor[] not considered by the guidelines," which merited consideration. *Id.* at 525. In its analysis and determination, the trial court imposed a sentence "proportionate to the seriousness of the circumstances surrounding the offense and the offender," as required by the principle of proportionality, and within its discretion. *Steanhouse*, 500 Mich at 459-460 (quotation

---

[5] This Court has stated an appellate court should look for references to any of the following as indications a defendant's refusal to admit guilt has improperly influenced a sentencing: "(1) the defendant's maintenance of innocence after conviction; (2) the judge's attempt to get the defendant to admit guilt; and (3) the appearance that had the defendant affirmatively admitted guilt, his sentence would not have been so severe." *People v Dobek*, 274 Mich App 58, 104; 732 NW2d 546 (2007) (quotation marks and citation omitted).

marks omitted). We also note that there is no authority suggesting that the trial court needs to consider factors not anticipated by the sentencing guidelines to justify a sentence that falls within the guidelines range. Defendant has not overcome the presumption of proportionality produced by the trial court's adherence to the guidelines. See *Posey*, ___ Mich at ___; slip op at 18-19.[6]

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Allie Greenleaf Maldonado

---

[6] Because there is no need to remand for resentencing, we do not consider defendant's request for judicial reassignment.