ISSA v GARLINGHOUSE

Docket No. 67925. Submitted December 6, 1983, at Lansing.—Decided April 3, 1984.

Bernard I. Issa brought an action in Oakland Circuit Court against Randy L. Garlinghouse. The case was submitted to a mediation panel which issued an evaluation award in favor of Issa. Both parties rejected the award. Thereafter, the court, Frederick C. Ziem, J., entered judgment on a jury verdict for the plaintiff for an amount greater than ten percent more than the mediation award but denied plaintiff's motion for attorney fees. The plaintiff appealed. *Held:*

The circuit court's order denying plaintiff's motion for payment of attorney fees should be reversed. A defendant who rejects a mediation evaluation is liable for costs, including attorney fees, where the ultimate jury verdict is more than ten percent greater than the evaluation even if plaintiff also rejected the award.

Reversed.

1. COURT RULES — JUDICIAL CONSTRUCTION.

Principles of statutory construction apply to determine the Supreme Court's intent in promulgating rules of practice and procedure.

2. COSTS — COURT RULES — MEDIATION.

The court rules providing for responsibility for the costs of litigation following mediation should not be construed with wooden literalness if such a construction would be inconsistent with their purpose, *i.e.,* to place the burden of litigation costs upon the party who insists upon a trial by rejecting a proposed mediation award (GCR 1963, 316.7, 316.8).

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 86.
[2, 3] 5 Am Jur 2d, Arbitration and Award § 139.
[2] 20 Am Jur 2d, Costs § 6.
  73 Am Jur 2d, Statutes §§ 263, 265, 275.
  Liability of parties to arbitration for costs, fees, and expenses. 57 ALR3d 633.

3. Costs — Court Rules — Mediation.
    A defendant who rejects a mediation evaluation is liable for costs, including attorney fees, where the ultimate jury verdict is more than ten percent greater than the evaluation even if plaintiff also rejected the award (GCR 1963, 316.7[b][1] and 316.8).

*DeMarco & Sage, P.C.* (by *John A. DeMarco),* for plaintiff.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Thomas E. Keenan),* for defendant.

Before: M. J. Kelly, P.J., and Cynar and J. C. Kingsley,* JJ.

Per Curiam. The mediation panel's evaluation award in the amount of $10,000 in favor of plaintiff was rejected by both parties. A jury awarded damages to the plaintiff in excess of $17,000. Following trial, the trial court rejected plaintiff's motion for attorney fees stipulated at $5,152.50, which was requested pursuant to GCR 1963, 316.7(b)(3). Plaintiff appeals as of right.

GCR 1963, 316.7 provides a separate subsection for each possible way a mediation evaluation may be rejected. Subsection (1) provides for the situation in which defendant accepts the evaluation and plaintiff rejects it; subsection (2) provides for the converse; and, subsection (3) applies when both parties reject the award.

This appeal involves a construction of GCR 1963, 316.7(b)(3) and 316.8 regarding the taxation of costs following the rejection of a mediation evaluation by both parties. GCR 1963, 316.7(b)(3) provides:

* Circuit judge, sitting on the Court of Appeals by assignment.

"(3) *If both parties reject the panel's evaluation* and the amount of the verdict, when interest on the amount and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, is no more than 10 percent greater or less than the panel's evaluation, each party is responsible for his own costs from the mediation date. If the verdict is in an amount which, when interest on the amount and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, *is more than 10 percent greater than the panel's evaluation, the defendant must pay actual costs.* If the verdict is in an amount which, when interest and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, is more than 10 percent below the panel's evaluation, the plaintiff must pay actual costs." (Emphasis added.)

The "actual costs" provision, GCR 1963, 316.8, states:

".8 Actual Costs. Actual costs include those costs taxable in any civil action and a reasonable attorney fee as determined by the trial judge for services necessitated by the rejection of the panel's evaluation."

Following trial, the trial court denied plaintiff's motion for attorney fees stipulated at $5,152.50 for services from the date of mediation until after trial.

Plaintiff contends that denial of this motion was error, and we agree.

Principles of statutory construction apply to determine the Supreme Court's intent in promulgating rules of practice and procedure. *People v Lange,* 105 Mich App 263, 266-267; 306 NW2d 514 (1981). Defendant concedes that under the unambiguous terms of GCR 1963, 316.7(b)(3) he must pay "actual costs", because both parties rejected the mediation evaluation and the jury returned a

verdict "more than 10 percent greater than the panel's evaluation". However, defendant argues that, under the "actual costs" provision of GCR 1963, 316.8, he is only liable for those attorney fees necessitated by the rejection and, because plaintiff also rejected the evaluation, defendant's rejection did not necessitate any costs.

These rules are not to be interpreted with such wooden literalness if such a construction is inconsistent with their purpose. See *Maple Hill Apartment Co v Stine,* 131 Mich App 371; 346 NW2d 555 (1984). According to the Court in *Maple Hill,* the policy underlying GCR 1963, 316.7 and 316.8 is "to place the burden of litigation costs upon the party who insists upon a trial by rejecting a proposed mediation award". 131 Mich App 376.

Not all rejections, however, are penalized by the rule. For example, a plaintiff suffers no cost sanctions by rejecting an evaluation, even if it was accepted by the defendant, where the ultimate jury verdict is "more than 10 percent greater than the panel's evaluation". GCR 1963, 316.7(b)(1). Such a rejection is in effect ratified as having been reasonable. Because of the amount of the jury verdict in this case, plaintiff's rejection of the evaluation was not subject to sanction under the court rules, whereas defendant's rejection was.

Under such circumstances defendant may not rely on the fact of plaintiff's rejection in arguing that no post-mediation attorney services were "necessitated by the rejection of the panel's evaluation". Plaintiff is entitled to his actual costs including attorney fees, stipulated as $5,152.50, pursuant to GCR 1963, 316.7(b)(3).

Reversed.