CITY OF DETROIT v KALLOW CORPORATION

Docket No. 125345. Submitted December 12, 1991, at Detroit. Decided August 3, 1992, at 9:05 A.M.

The City of Detroit brought a condemnation action in the Wayne Circuit Court against Kallow Corporation and George Willi after each refused an offer of $361,950 for its property and the city deposited those amounts with the city treasurer. The case was submitted for mediation of the sole issue of just compensation. The property owners accepted, and the city rejected, an evaluation of $480,000 for each of the parcels. A jury subsequently returned a verdict of $450,000 for each of the property owners. The court, Marvin R. Stempien, J., awarded actual costs, including reasonable attorney fees, to the property owners as a sanction for the city's rejection of the mediation evaluation. The city appealed the imposition of mediation sanctions.

The Court of Appeals *held:*

Where a condemnor pays or deposits an amount it estimates to be just compensation and rejects a subsequent mediation evaluation for a higher figure, the condemnor is liable to the condemnee for mediation sanctions under MCR 2.403(D) if the verdict provides for compensation beyond the payment or deposit in an amount equal to ninety percent or more of the difference between the mediation evaluation and the payment or deposit. Because the verdict in this case was more favorable to the city than was the mediation evaluation and resulted in a savings of more than ten percent of the difference between the mediation evaluation and the payment or deposit, the city was not liable for mediation sanctions.

Reversed.

*Cooper, Fink & Zausmer, P.C.* (by *Mark J. Zausmer* and *Avery K. Williams*), for the plaintiff.

*Ackerman & Ackerman, P.C.* (by *Alan T. Ackerman*), for the defendants.

Before: Michael J. Kelly, P.J., and Sullivan and Connor, JJ.

Sullivan, J. Plaintiff appeals as of right from a circuit court award of mediation sanctions under MCR 2.403(O) in this condemnation action. We reverse.

Defendants each owned one of the fourteen parcels of property condemned by the City of Detroit for the expansion of Cobo Hall in late 1985. The parties agree that these adjoining lots were nearly identical in all pertinent characteristics. Plaintiff's appraisers established fair compensation for each of the lots at $361,950, and plaintiff offered that sum to each of the owners. Defendants' appraisers valued the lots at $540,000 each, and defendants refused plaintiff's offers. Plaintiff deposited $361,-950 for each parcel with the city treasurer and filed a complaint under § 5 of the Uniform Condemnation Procedures Act, MCL 213.55; MSA 8.265(5).[1]

Defendants did not dispute the necessity of the taking; the sole issue was just compensation for the property. The case was submitted to mediation under MCR 2.403, and the mediation panel evaluated the parcels at $480,000 each. Defendants accepted the mediation evaluation; plaintiff rejected it. Following trial in the Wayne Circuit Court, the jury awarded defendants $450,000 for each parcel.

Defendants asked the court to award actual costs, including a reasonable attorney fee, as mediation sanctions under MCR 2.403(O). They contended that plaintiff was liable for sanctions because it did not improve its position by at least ten percent and that, in order to meet that threshold, the award would have to be less than $432,000,

---

[1] Plaintiff has represented that the deposited funds were paid to the owners before mediation. There is no evidence of that payment in the abbreviated record submitted on appeal. In any event, our decision is not affected by whether the funds were deposited in an account as required by the statute or in fact were paid to the owners.

i.e., ten percent less than the mediation evaluation of $480,000.

Plaintiff responded that it did improve its position by more than ten percent, comparing only the amounts actually in dispute, that is, the additional compensation over the compensation paid before filing the complaint. Applying plaintiff's reasoning, the jury's total verdict had to be $468,195 or less for plaintiff to improve its position by at least ten percent: the true mediation award was $118,050 per parcel ($480,000 minus $361,950) and the verdict represents a true award of $88,050 ($450,000 minus $361,950), which is more than ten percent below the mediation evaluation.

The trial court agreed with defendants, ruling that the express terms of MCR 2.403(O) require comparison of the mediation evaluation with the jury's verdict, without allowing for setoffs.

We hold that, in a condemnation action where the condemning authority has paid or deposited the estimated just compensation, mediation sanctions must be based on the amount actually in dispute. Where the condemning authority has rejected a mediation evaluation, it will be liable to the owner for sanctions under MCR 2.403(O) if the award of additional compensation is ninety percent or more of the mediation panel's evaluation of additional compensation. Additional compensation means the amount in excess of the estimated just compensation paid or deposited.

The relevant parts of MCR 2.403(O) are as follows:

> (1) If a party has rejected an evaluation and the action proceeds to trial, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. However, if the opposing

party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

(2) For the purpose of this rule "verdict" includes,

(a) a jury verdict,

(b) a judgment by the court after a nonjury trial,

(c) a judgment entered as a result of a ruling on a motion filed after mediation.

(3) For the purpose of subrule(O)(1), a verdict must be adjusted by adding to it assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the mediation evaluation. After this adjustment, the verdict is considered more favorable to a defendant if it is more than 10 percent below the evaluation, and is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation.

Principles of statutory construction apply to determine the Supreme Court's intent in promulgating rules of practice and procedure. *Issa v Garlinghouse,* 133 Mich App 579, 581; 349 NW2d 527 (1984). The mediation sanction rule is not to be interpreted with wooden literalness if such construction is inconsistent with its purpose. *Commercial Union Ins Co v Liberty Mutual Ins Co,* 137 Mich App 381, 394; 357 NW2d 861 (1984), aff'd 426 Mich 127; 393 NW2d 161 (1986); *Issa,* p 582. The overall purpose of the mediation rule is to encourage settlement and deter protracted litigation. Accordingly, the mediation sanction rule places the burden of litigation costs upon the party that requires a trial by rejecting a proposed mediation award. *Warren v Pickering,* 192 Mich App 153; 480 NW2d 306 (1991); *Bien v Venticinque,* 151 Mich App 229, 232; 390 NW2d 702 (1986).

Not all rejections of mediation evaluations are penalized by the rule. *Issa,* p 582. A party is not to be penalized for rejection of a mediation award

when the rejection was reasonable, as evidenced by a jury verdict more than ten percent more favorable to the party. *Bien,* p 233.

Defendants contend, and the trial court ruled, that the clear language of the rule confines the comparison to the verdict, without regard to the reduction for the earlier payment.[2] We disagree. This Court, in construing the language of the mediation rule, so as to achieve its intended purpose, and its predecessor, GCR 1963, 316.7, has not limited itself to a literal application of the rule's terms.

In *Commercial Union Ins Co,* decided under the former rule, this Court held that sanctions were appropriate, even though a literal application of the rule would have denied relief. The rule at the time did not provide for an evaluation of no cause of action. The Court acknowledged that the ten percent improvement rule could not mathematically apply to such an award; it held, nonetheless, that a plaintiff must win "at least something" in order to avoid costs in the face of a no cause of action evaluation. *Id.,* p 394.

More closely analogous to the case before us, in *Wayne-Oakland Bank v Brown Valley Farms, Inc,* 170 Mich App 16, 20; 428 NW2d 13 (1988), the claim against one defendant was dismissed during trial. At the time, the mediation rule did not include dispositive motions in its definition of "verdict" as subrule O(2) now does. This Court held that, despite the language requiring comparison of the mediation evaluation with a "verdict," the rule should not be read strictly to require a verdict in order to impose sanctions. *Id.,* p 20. The Court relied on the committee comment to MCR 2.403,

---

[2] The parties have based their arguments on the verdict amount of $450,000, without regard to the adjustments for interest and costs allowed under MCR 2.403(O)(3).

which states: "The rejecting party is liable for costs unless that party improves its position by at least 10 percent." *Id.*

Literal application of the rule in the case before us would not serve the purpose of the mediation rule. We first note that literal application is not logically possible in a condemnation case. Under MCR 2.403(O)(3), a verdict "is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation." Literal application of this standard in a condemnation case produces an absurd result. The plaintiff is the payor; if the verdict is higher than the evaluation, the plaintiff obviously has not improved its position. In such a case, as in *Commercial Union Ins Co and Wayne-Oakland Bank,* we must look to the purpose of the rule and consider the standard of reasonableness in determining what constitutes a ten percent improvement in a party's position.

Plaintiff's rejection of the mediation evaluation in this case was reasonable. Plaintiff improved its position by more than ten percent, comparing the additional compensation it would have paid under the mediation evaluation and the additional compensation it must pay under the verdict.

It is clear from plaintiff's mediation summary that this case was submitted to the mediation panel as a dispute over the additional compensation. Plaintiff stated the contested issue in the opening paragraph as follows: "The ultimate question before this panel is the fair market value of the Subject Properties. Is the City's determination of just compensation fair and accurate, or is the property owner entitled to additional estimated just compensation?" The damages were stated in terms of the additional compensation sought by defendants. The conclusion requested a mediation

award of $361,950 for each parcel, "including estimated just compensation already paid."

Unlike cases involving setoffs of settlements or judgments paid by other tortfeasors, see *Hall v Citizens Ins Co,* 141 Mich App 676, 689; 368 NW2d 250 (1985), in a condemnation case, the estimated compensation is a part of the total fair compensation, paid by the same party, without questions of contribution, fault, or identity of injury inherent in such cases. The amount is never in dispute during the litigation because it must be paid to or for the benefit of the owner before the complaint is filed. It raises the base line of the dispute from zero to the sum deposited or paid. It is not, in that sense, a setoff.

Defendants argue that basing liability for mediation sanctions on additional compensation rather than on gross verdicts should be limited, if allowed at all, to cases in which the condemning authority asked the mediation panel to render its evaluation on that basis. The parties agree that this has been the practice in some cases. We see, however, no substantive difference between an evaluation that expressly excludes the estimated compensation and one in which that exclusion is necessarily implied.

There was no dispute or confusion in this case over what the panel's evaluation meant; it does not require speculation to determine if the panel meant the award to include the estimated compensation already paid. Compare *Maple Hill Apartment Co v Stine,* 131 Mich App 371, 379-380; 346 NW2d 555 (1984), vacated and remanded 422 Mich 863 (1985). It would be arbitrary and unreasonable to base the award or denial of mediation sanctions on the fortuity of the particular way a panel makes the award, or on the way the condemning authority makes its request.

Plaintiff's rejection of the mediation evaluation was reasonable within the meaning of MCR 2.403(O), and defendants were not entitled to sanctions.

Reversed.