*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

DENISE L. MOORE,

UNPUBLISHED
December 22, 2022

Plaintiff-Appellant,

v

No. 357889
Oakland Circuit Court
LC No. 2020-185143-NH

UNIVERSITY PHYSICIANS GROUP, doing
business as WSUPG, LAWRENCE G. MORAWA,
M.D., and ASCENSION PROVIDENCE
HOSPITAL,

Defendants-Appellees.

Before: JANSEN, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals by leave granted[1] the order granting summary disposition to defendants, Lawrence G. Morawa, M.D. (Dr. Morawa), University Physicians Group, doing business as WSUPG (WSUPG), and Ascension Providence Hospital (the hospital), on the basis of the statute of limitations. On appeal, plaintiff argues the trial court erred by determining plaintiff's complaint was untimely, because our Supreme Court's Administrative Orders extended the deadline for filing, making plaintiff's complaint timely. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an allegedly improperly performed left total knee arthroplasty. Plaintiff underwent the procedure, performed by Dr. Morawa at the hospital, on April 23, 2018, and was discharged from the hospital on April 25, 2018. After suffering from continued pain, plaintiff sought a second opinion, and underwent a revision surgery. Plaintiff mailed her notice of

---

[1] *Moore v WSUPG*, unpublished order of the Court of Appeals, entered November 24, 2021 (Docket No. 357889).

-1-

intent (NOI), on April 21, 2020, to defendants. Plaintiff filed her complaint, on December 11, 2020, asserting claims of medical malpractice and vicarious liability.

WSUPG and Dr. Morawa moved for partial summary disposition, under MCR 2.116(C)(7), alleging plaintiff's claims were time-barred by the statute of limitations. The hospital also moved for summary disposition on the same grounds. Defendants argued, in their respective motions, plaintiff's complaint was untimely, even when given the benefit of our Supreme Court's Administrative Orders extending filing deadlines and statutory prerequisites to filing. Administrative Order No. 2020-3, 505 Mich ___ (2020); Amended Administrative Order No. 2020-3, 505 Mich ___ (2020). In response, plaintiff argued our Supreme Court's Administrative Orders extended not only the statutory limitations period, but the 182-day tolled notice period set forth in MCL 600.5856(c). Plaintiff argued that, because the Administrative Orders did not preclude a plaintiff from filing suit when he or she wished, they extended the tolling portion of the notice period, but not the mandatory waiting time. According to plaintiff, even if Amended AO 2020-3 acted to preclude tolling of this period, the original AO 2020-3 did not, meaning the tolled 182-day notice period began when Amended AO 2020-3 was issued, on May 1, 2020.

The trial court granted summary disposition to defendants after analyzing six different "scenarios," each considering different deadlines and tolling periods. The trial court ultimately adopted its sixth scenario, in which the notice period expired on October 20, 2020, 182 days after plaintiff mailed her NOI, on April 21, 2020. Then, plaintiff was entitled to 46 tolled days, the number of days remaining in the limitations period on March 10, 2020, the date tolling under AO 2020-3 came into effect. This required plaintiff to file her complaint by December 6, 2020. However, because December 6, 2020 was a Sunday, plaintiff's complaint was due by December 7, 2020, the next Monday. MCR 1.108(1). In determining the 182-day tolled period was not extended or tolled under AO 2020-3, the trial court noted: "Assuming that the sending of the NOI was a 'statutory prerequisite to the filing of a pleading' for purposes of [AO] 2020-3, the prerequisite is the *sending* of the NOI, not the 182-day notice period."

## II. PRESERVATION AND STANDARD OF REVIEW

"Generally, to preserve a claim of error for appellate review, the party claiming the error must raise the issue in the trial court." *Redmond v Heller*, 332 Mich App 415, 430; 957 NW2d 357 (2020). Because plaintiff argued her complaint was timely in her responses to the motions for summary disposition, this matter is preserved for appellate review. However, plaintiff's specific argument the 182-day notice period did not begin running until June 20, 2020, was raised for the first time in her motion for reconsideration. Therefore, this argument is not preserved for appellate review. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009) ("Where an issue is first presented in a motion for reconsideration, it is not properly preserved."). Plaintiff's alternate method of calculating the due date of her complaint, raised for the first time on appeal, is also unpreserved. *Redmond*, 332 Mich App at 430.

"We review de novo a trial court's decision to grant or deny summary disposition." *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 45; 951 NW2d 64 (2020). "In so doing, we review the entire record to determine whether the moving party was entitled to summary disposition." *Id.* "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence

contradicts them." *Dextrom v Wexford County*, 287 Mich App 406, 428; 789 NW2d 211 (2010) (footnote and citations omitted). "If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact." *Id.* at 429 (footnote and citations omitted).

> "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate." [*Id.* (footnotes and citations omitted).]

Our Supreme Court is empowered to "establish, modify, amend, and simplify the practice and procedure in all courts of this state." Const 1963, art 6 § 5. "This is generally accomplished by the issuance of [A]dministrative [O]rders and the promulgation of court rules." *People v Taylor*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket No. 154994); slip op at 11 n 11. "Principles of statutory construction apply to determine the Supreme Court's intent in promulgating rules of practice and procedure." *Detroit v Kallow Corp.*, 195 Mich App 227, 230; 489 NW2d 500 (1992). Interpretation of statutes and court rules are reviewed de novo. *Haksluoto v Mt. Clemens Regional Med Ctr*, 500 Mich 304, 309; 901 NW2d 577 (2017). "Our goal when interpreting and applying statutes or court rules is to give effect to the plain meaning of the text. If the text is unambiguous, we apply the language as written without construction or interpretation." *Ligons v Crittenton Hosp*, 490 Mich 61, 70; 803 NW2d 271 (2011) (footnote and citations omitted).

> Although this Court need not address an unpreserved issue, it may overlook preservation requirements when the failure to consider an issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented. [*Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 387; 803 NW2d 698 (2010); see also *Elahham v Al-Jabban*, 319 Mich App 112, 120; 899 NW2d 768 (2017), quoting *Gen Motors*, 290 Mich App at 387.]

"We review unpreserved issues for plain error." *Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596 (2015). Specifically: "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 427 (citations and quotation marks committed). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceeding." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

## III. ANALYSIS

Plaintiff argues the trial court erred by determining her complaint was untimely, because our Supreme Court's Administrative Orders extending filing deadlines during the emergency period rendered the complaint timely. We disagree.

"The limitations period for a medical malpractice action is two years." *Haksluoto*, 500 Mich at 310; MCL 600.5805(8). "The Revised Judicature Act (RJA), MCL 600.101 *et seq.*,

requires that a prospective medical malpractice plaintiff provide a potential defendant at least 182 days of notice prior to filing suit." *Haksluoto*, 500 Mich at 307; see also MCL 600.2912b(1).

> If a plaintiff files [an NOI] to file a claim before the limitations period for the malpractice action expires, but the limitations period for the malpractice action would otherwise expire during the 182-day notice period, the statute of limitations for the malpractice action is tolled for the duration of the notice period. [*Haksluoto*, 500 Mich at 307; see also MCL 600.5856(c).]

"Michigan employs a 'mailbox rule' for providing this notice of intent. See MCL 600.2912b(2) ('Proof of the mailing constitutes prima facie evidence of compliance' with the NOI requirement.)." *Haksluoto*, 500 Mich at 310.

This case involves the interpretation of our Supreme Court's Administrative Orders extending filing deadlines in the wake of COVID-19. On March 23, 2020, our Supreme Court issued AO 2020-3, which states:

> In light of the continuing COVID-19 pandemic and to ensure continued access to courts, the Court orders that:

> For all deadlines applicable to the commencement of all civil and probate case-types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an initial pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1).

> This order is intended to extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency declared by the Governor related to COVID-19. Nothing in this order precludes a court from ordering an expedited response to a complaint or motion in order to hear and resolve an emergency matter requiring immediate attention. We continue to encourage courts to conduct hearings remotely using two-way interactive video technology or other remote participation tools whenever possible.

> This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses. Courts must have a system in place to allow filings without face-to-face contact to ensure that routine matters, such as filing of estates in probate court and appointment of a personal representative in a decedent's estate, may occur without unnecessary delay and be disposed via electronic or other means. [AO 2020-3.]

Our Supreme Court issued Amended AO 2020-3, on May 1, 2020, which states:

> On order of the Court, the following amendment of Administrative Order No. 2020-3 is adopted, effective immediately.

-4-

[Additions to the text are indicated in underlining]

In light of the continuing COVID-19 pandemic and to ensure continued access to courts, the Court orders that:

For all deadlines applicable to the commencement of all civil and probate case-types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an initial pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1).

This order is intended to extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency declared by the Governor related to COVID-19. Nothing in this order precludes a court from ordering an expedited response to a complaint or motion in order to hear and resolve an emergency matter requiring immediate attention. We continue to encourage courts to conduct hearings remotely using two-way interactive video technology or other remote participation tools whenever possible.

This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses, nor does it suspend or toll any time period that must elapse before the commencement of an action or proceeding. Courts must have a system in place to allow filings without face-to-face contact to ensure that routine matters, such as filing of estates in probate court and appointment of a personal representative in a decedent's estate, may occur without unnecessary delay and be disposed via electronic or other means. [Amended AO 2020-3.]

Lastly, the staff comment to Administrative Order No. 2020-18, 505 Mich ___ (2020), issued June 12, 2020, notes:

[A]lthough the order regarding computation of days entered on March 23, 2020, it excluded any day that fell during the State of Emergency declared by the Governor related to COVID-19, which order was issued on March 10, 2020. Thus, the practical effect of Administrative Order No. 2020-3 was to enable filers to exclude days beginning March 10, 2020. This timing is consistent with the executive orders entered by the Governor regarding the tolling of statutes of limitation. [AO 2020-18.]

The parties and the trial court seemed to oscillate between using April 23, 2018, and April 25, 2018, as the date plaintiff's claim accrued. "A medical malpractice claim accrues 'at the time of the act or omission that is the basis for the claim . . . , regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.' " *Driver v Naini*, 490 Mich 239, 249; 802 NW2d 311 (2011) (ellipses in original), quoting MCL 600.5838a(1). It is the alleged negligent operation on

plaintiff's knee, which forms the basis of plaintiff's claim, and, therefore, plaintiff's claim accrued on April 23, 2018.

Under ordinary circumstances, plaintiff's statutory limitations period would have expired on April 23, 2020. MCL 600.5805(8). Plaintiff, by mailing her NOI on April 21, 2020, tolled the remaining two days of the limitations period for the 182-day notice period. *Waltz v Wyse*, 469 Mich 642, 652-653; 677 NW2d 813 (2004); MCL 600.5856(c); MCL 600.2912b(8). Without any COVID-19 exceptions, the notice period would have ended on October 20, 2020, and the remaining two days of the limitations period would begin running the next day, October 21, 2020, *Haksluoto*, 500 Mich at 322-323, making plaintiff's complaint due by October 23, 2020.

However, our Supreme Court, on March 23, 2020, in light of difficulties during the COVID-19 pandemic, extended "all deadlines pertaining to case initiation[,]" which included the initial filing date as well as "any statutory prerequisites to the filing of such a pleading or motion," to exclude "any day that falls during the state of emergency declared by the Governor related to COVID-19[.]" AO 2020-3. AO 2020-3 further stated: "This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses." *Id.* On May 1, 2020, our Supreme Court amended AO 2020-3 to be more consistent with the Governor's Executive Order No. 2020-58. Amended AO 2020-3 remained almost entirely the same, except our Supreme Court, after noting the Amended AO 2020-3 did not prohibit or restrict a litigant's ability to commence suit when she wished, clarified: "[N]or does it suspend or toll any time period that must elapse before the commencement of an action or proceeding." *Id.*

Plaintiff interprets the language of AO 2020-3 to not only toll the statute of limitations, but also to toll the 182-day notice period. Plaintiff's argument regarding the impact of the additional language in Amended AO 2020-3 tends to waffle between (1) the additional language eliminating tolling for the notice period, meaning the period began on May 1, 2020, the day the Amended Order was issued; and (2) the additional language seemingly making no difference, in which case the notice period would begin on June 20, 2020, the date COVID-19 tolling ceased. Neither of these arguments, regardless of preservation, adhere to the plain meaning of AO 2020-3, both before and after amendment.

The key language in this case, present in both Administrative Orders, is that they "in no way prohibit[ed] or restrict[ed] a litigant from commencing a proceeding whenever the litigant [chose]." AO 2020-3; Amended AO 2020-3. The notice period constitutes a mandatory period, during which a plaintiff is prohibited from filing suit after providing notice. MCL 600.2912b(1). Therefore, extension of this period would serve to prohibit or restrict plaintiff from proceeding when she wishes, in direct contravention of the clear, unambiguous language of AO 2020-3. This is true regardless of the subsequently added clarifying language in Amended AO 2020-3. Neither AO 2020-3, nor Amended AO 2020-3, could toll the notice period without interfering with plaintiff's ability to proceed with her case.

Plaintiff argues the notice period was tolled simply to give her more time to file suit, but did not restrict her ability to do so. However, plaintiff has provided no support for this assertion. "An appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority." *Cheesman v Williams*, 311 Mich App 147, 161;

874 NW2d 385 (2015). Additionally, "[t]his Court will not search for authority to sustain or reject a party's position." *Id.* (quotation marks and citation omitted, alteration in original). While a plaintiff is entitled to the full 182 days of tolling, even if the waiting period to file is shortened (*Waltz*, 469 Mich at 652-653; MCL 600.5856(c); MCL 600.2912b(8)), plaintiff has pointed to no authority allowing for additional tolling of only the tolling period, but not the waiting period. AO 2020-3 makes no mention of tolling preexisting tolling periods, only deadlines, and statutory prerequisites to filing. This includes the limitations period, a deadline, and the mailing of the NOI, a statutory prerequisite to filing, *Bush v Shabahang*, 484 Mich 156, 176; 772 NW2d 272 (2009) ("Service of an NOI is clearly part of a medical malpractice 'process' or 'proceeding' in Michigan"), but not the 182-day notice period, either as a waiting period or a tolling period. There is no evidence in the plain language of AO 2020-3 that our Supreme Court intended any sort of "double tolling," and the additional language in Amended AO 2020-3 merely clarifies this with affirmative language. Plaintiff agrees this language was designed to clarify AO 2020-3, and not modify its meaning. Interpreting this clarifying language as implying the AO 2020-3 meant something entirely different is illogical. We decline to address plaintiff's unpreserved alternate calculation on appeal, because it is similarly unconvincing.

While AO 2020-3 and Amended AO 2020-3 permit tolling for "any statutory prerequisites" to filing, as the trial court noted, the prerequisite in this case was the mailing of the NOI, not the subsequent notice period. *Bush*, 484 Mich at 176. Plaintiff was entitled to wait to mail her NOI until August 3, 2020, 44 days after tolling stopped, on June 20, 2020, but chose not to wait. The tolled notice period is not a "statutory prerequisite" to filing, it is merely designed to allow a plaintiff to use the full statutory limitations period, notwithstanding the obligation to wait 182 days, or fewer in some cases, after providing notice, before filing suit. The tolled notice period is not a "deadline[] pertaining to case evaluation" or a "statutory prerequisite[] to the filing of such a pleading or motion." AO 2020-3; Amended AO 2020-3. The additional language in Amended AO 2020-3 did not imply that AO 2020-3 originally allowed for tolling of the notice period.

Plaintiff mailed her NOI on April 21, 2020, which began the mandatory notice period. Because defendants did not respond to plaintiff's NOI, plaintiff was entitled to file suit as early as September 23, 2020, 154 days after sending notice, plus one day. *Haksluoto*, 500 Mich at 322-323. However, the notice period continued to toll until October 20, 2020, 182 days after plaintiff mailed her NOI. Plaintiff then had 44 days of tolled time under the statute of limitations (the number of days she had left as of March 10, 2020) to file suit, beginning October 21, 2020. *Id.* Plaintiff's complaint was therefore due by December 4, 2020. Plaintiff's complaint, filed December 11, 2020, was untimely.

IV. CONCLUSION

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael F. Gadola

-7-