*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STACEY L. LINSTROM and DOUG LINSTROM,

Plaintiffs-Appellees,

v

TRINITY HEALTH-MICHIGAN, doing business as ST. JOSEPH MERCY HOSPITAL ANN ARBOR, IHA HEALTH SERVICES CORPORATION, doing business as IHA OBSTETRICS & GYNECOLOGY ANN ARBOR PARK and ST. JOSEPH MERCY ACADEMIC OB/GYN CENTER, GAYLE S. MOYER, M.D., ANDREA STAROSTANKO, M.D., and CYDNEY SIGGINS, M.D.,

Defendants-Appellants,

and

MARK K. BAUMEIER, D.O. and CENTER FOR REPRODUCTIVE HEALTH,

Defendants.

FOR PUBLICATION
February 2, 2023
9:15 a.m.

No. 358487
Washtenaw Circuit Court
LC No. 20-001230-NH

Before: PATEL, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

In this interlocutory appeal, defendants-appellants[1] appeal by leave granted[2] the trial court's July 26, 2021 order denying defendants' motion for summary disposition that was premised

---

[1] Not all of the named defendants are parties to this appeal.

[2] This Court initially denied the application for leave to appeal. *Linstrom v Trinity Health-Mich*, unpublished order of the Court of Appeals, entered January 21, 2022 (Docket No. 358487). Our

on the application of the statute of limitations in this medical malpractice action. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Plaintiff's[3] medical malpractice claim stems from her medical treatment between May 15 and 18, 2018, related to a Da Vinci assisted total laparoscopic hysterectomy and bilateral salpingectomy. On March 10, 2020, Governor Gretchen Whitmer issued Executive Order No. 2020-4, declaring a state of emergency in response to the outbreak of COVID-19. Plaintiff mailed her notice of intent (NOI) on March 13, 2020.

Resolution of this appeal revolves around the Michigan Supreme Court's Administrative Order No. 2020-3, 505 Mich cxxvii, which was entered on March 23, 2020, and amended on May 1, 2020. That order in its amended form states:

> In light of the continuing COVID-19 pandemic and to ensure continued access to courts, the Court orders that:
>
> For all deadlines applicable to the commencement of all civil and probate case-types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an initial pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1).
>
> This order is intended to extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency declared by the Governor related to COVID-19. Nothing in this order precludes a court from ordering an expedited response to a complaint or motion in order to hear and resolve an emergency matter requiring immediate attention. We continue to encourage courts to conduct hearings remotely using two-way interactive video technology or other remote participation tools whenever possible.
>
> This order in no way prohibits or restricts a litigant from commencing a proceeding whenever the litigant chooses, nor does it suspend or toll any time period that must elapse before the commencement of an action or proceeding. Courts must have a system in place to allow filings without face-to-face contact to ensure that routine matters, such as filing of estates in probate court and appointment of a personal representative in a decedent's estate, may occur without

---

Supreme Court subsequently entered an order remanding the matter to this Court for consideration as on leave granted. *Linstrom v Trinity Health-Mich*, 974 NW2d 828 (Mich, 2022).

[3] Because Doug Linstrom's loss of consortium claim is derivative of Stacey Linstrom's medical malpractice claim, we will refer to Stacey as "plaintiff."

unnecessary delay and be disposed via electronic or other means. [AO 2020-3, 505 Mich cxxvii-cxxvii.]

The sole change effectuated to AO 2020-3 by the May 1 amendment was the inclusion of the language "nor does it suspend or toll any time period that must elapse before the commencement of an action or proceeding." Amended Administrative Order No. 2020-3, 505 Mich cxliv-cxlv. In all other respects, this Administrative Order was the same as when it was originally entered on March 23. The staff comment to the amendment states, "The amendment of Administrative Order No. 2020-3 is intended to make the order more consistent with Executive Order 2020-58." Amended AO 2020-3, 505 Mich at cxlv.

The Governor issued Executive Order No. 2020-58 on April 23, 2020, ordering in relevant part:

1. Consistent with Michigan Supreme Court Administrative Order No. 2020-3, all deadlines applicable to the commencement of all civil and probate actions and proceedings, including but not limited to any deadline for the filing of an initial pleading and any statutory notice provision or other prerequisite related to the deadline for filing of such a pleading, are suspended as of March 10, 2020 and shall be tolled until the end of the declared states of emergency.

2. Consistent with Michigan Supreme Court Administrative Order No. 2020-3, this order does not prohibit or restrict a litigant from commencing an action or proceeding whenever the litigant may choose, *nor does it suspend or toll any time period that must elapse before the commencement of an action or proceeding*. [Emphasis added.]

On June 12, 2020, the Michigan Supreme Court entered Administrative Order No. 2020-18, 505 Mich clviii, rescinding AO 2020-3 as of June 20, 2020, at which point "the computation of time for those filings [would] resume." With regard to the calculation of time moving forward, the order instructs:

For time periods that started before Administrative Order No. 2020-3 took effect, the filers shall have the same number of days to submit their filings on June 20, 2020, as they had when the exclusion went into effect on March 23, 2020. For filings with time periods that did not begin to run because of the exclusion period, the filers shall have the full periods for filing beginning on June 20, 2020. [AO 2020-18.]

The staff comment to the order states:

Note that although the order regarding computation of days entered on March 23, 2020, it excluded any day that fell during the State of Emergency declared by the Governor related to COVID-19, which order was issued on March 10, 2020. Thus, the practical effect of Administrative Order No. 2020-3 was to enable filers to exclude days beginning March 10, 2020. This timing is consistent with the executive orders entered by the Governor regarding the tolling of statutes of limitation. [AO 2020-18, 505 Mich clviii-clix (staff comment).]

-3-

On June 12, 2020, the Governor similarly rescinded EO 2020-58, effective June 20, 2020. Executive Order No. 2020-122.

Plaintiff filed her complaint initiating this lawsuit on November 25, 2020. Defendants moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiff's action was untimely filed and barred by the statute of limitations. Defendants contended that there were between 63 and 66 days remaining until the statute of limitations would expire[4] at the time that plaintiff submitted the NOI on March 13, 2020, that the NOI tolled the statute of limitations for 182 days, that plaintiff had until either November 13 or 16, 2020 to file her lawsuit, and that plaintiff's complaint was untimely filed on November 25, 2020. Plaintiff opposed the motion and argued that the complaint was timely because of the tolling effect of AO 2020-3 and AO 2020-18. Defendants filed a reply brief arguing in relevant part that there was no language in AO 2020-3 indicating that the statutory 182-day notice period was tolled because the 182-day statutory period is a waiting period and not a "deadline."

The trial court denied defendants' motion for summary disposition. The trial court concluded that the 182-day NOI waiting period was tolled until June 20, 2020, pursuant to the orders issued by the Supreme Court and the Governor and that plaintiff's complaint was thus timely filed before the statute of limitations expired. Accordingly, the trial court denied defendants' motion for reconsideration and has stayed these proceedings pending resolution of this appeal.

## II. STANDARD OF REVIEW

This Court reviews a trial court's summary disposition ruling de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Summary disposition may be granted under MCR 2.116(C)(7) when an action is barred by a statute of limitations. MCR 2.116(C)(7).[5] As this Court has explained:

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis

---

[4] The parties do not appear to focus on the precise accrual date of the alleged malpractice claim. It appears from their respective arguments that plaintiff's complaint was undisputedly either timely or untimely by more than this three-day window.

[5] Although defendants-appellants state on appeal that their motion for summary disposition was also based on MCR 2.116(C)(8), they appear to be mistaken.

for recovery, dismissal is inappropriate. [*Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010) (citations omitted).]

Furthermore, questions of law such as those involving the interpretation of statutes, court rules, and our Supreme Court's administrative orders are reviewed de novo. *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 310; 901 NW2d 577 (2017); *Wenkel v Farm Bureau Gen Ins Co of Mich*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 358526); slip op at 3.

## III. ANALYSIS

"[T]he relevant sections of the Revised Judicature Act[, MCL 600.101 *et seq.*,] comprehensively establish limitations periods, times of accrual, and tolling for civil cases." *Haksluoto*, 500 Mich at 311-312 (quotation marks and citation omitted). The general limitation period for an action alleging malpractice is two years. MCL 600.5805(8). A medical malpractice claim "accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." MCL 600.5838a(1). A medical malpractice claim is "barred" if not commenced within the statutorily prescribed time limits. MCL 600.5838a(2).

Additionally, with certain exceptions not implicated in this case, "a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice . . . not less than 182 days before the action is commenced." MCL 600.2912b(1). "The statutes of limitations or repose are tolled . . . [a]t the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given." MCL 600.5856(c).

Here, the parties do not dispute that plaintiff's medical malpractice claim accrued, at the earliest, on May 15, 2018. See MCL 600.5838a(1). We will therefore begin by using this accrual date because if plaintiff's action was timely filed based on this date, then it would also be timely with respect to any malpractice claims that may have accrued between May 15 and May 18, 2018. There also is no dispute that plaintiff sent her NOI on March 13, 2020, thereby tolling the statute of limitations for 182 days, if the statute of limitations would have expired during that NOI waiting period. MCL 600.2912b(1); MCL 600.5856(c).[6] As our Supreme Court has explained, MCL 600.5856(c) provides that "tolling begins '[a]t the time notice is given,' so long as the limitations period would otherwise expire during the notice period." *Haksluoto*, 500 Mich at 312 (alteration in original). Accordingly, "[w]hen a claimant files an NOI with time remaining on the applicable statute of limitations, that NOI tolls the statute of limitations . . . ." *Id.* (quotation marks and citation omitted; alteration and ellipsis in original). The first step in our analysis thus becomes

---

[6] See also MCL 600.2912b(2) ("The notice of intent to file a claim required under subsection (1) shall be mailed to the last known professional business address or residential address of the health professional or health facility who is the subject of the claim. Proof of the mailing constitutes prima facie evidence of compliance with this section. . . .").

determining the expiration date of the statute of limitations and how many days remained in the limitations period when plaintiff mailed her NOI.

Had it not been for the COVID-19 pandemic and the Supreme Court administrative orders discussed above, this date would be obvious: based on the May 15, 2018 accrual date, the limitations period would have expired on May 15, 2020. MCL 600.5805(8). However, our Supreme Court issued AO 2020-3 in response to the pandemic with the intent to "extend all deadlines pertaining to case initiation and the filing of initial responsive pleadings in civil and probate matters during the state of emergency declared by the Governor related to COVID-19." This order further provided in relevant part:

> For all deadlines applicable to the commencement of all civil and probate case-types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an initial pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, *any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1).* [AO 2020-3 (emphasis added).]

The state of emergency, as declared by the Governor, began on March 10, 2020. The Supreme Court rescinded AO 2020-3 through the issuance of AO 2020-18, in which the Supreme Court instructed that the computation of time would resume on June 20, 2020.

"Principles of statutory construction apply to determine the Supreme Court's intent in promulgating rules of practice and procedure." *Detroit v Kallow Corp*, 195 Mich App 227, 230; 489 NW2d 500 (1992).[7] Thus, as with statutory interpretation, interpretation of the Supreme Court's administrative orders begins with the language of the orders to discern the Supreme Court's intent and no further judicial construction is necessary if the language is unambiguous. See *Lash v Traverse City*, 479 Mich 180, 187; 735 NW2d 628 (2007) (discussing the principles of statutory interpretation).

Applying the plain language of these administrative orders, plaintiff had the same number of days remaining in the statutory limitations period on June 20, 2020, as she had when the state of emergency began on March 10, 2020. On March 10, 2020, there were 66 days remaining until the limitations period was originally set to expire on May 15, 2020. It is clear that the expiration of the statutory limitations period involves a "deadline[] applicable to the commencement of [a] civil . . . [case], including . . . the deadline for the initial filing of a pleading under MCR 2.110 . . . ." AO 2020-3; see also MCR 2.110 (defining the term "pleading" to include a "complaint"); MCR 2.101(B) ("A civil action is commenced by filing a complaint with a court."); *Wenkel*, ___ Mich App at ___; slip op at 4 ("We interpret AO 2020-3 as tolling the statute of limitations for the commencement of actions and a concomitant tolling of the filing of responsive

---

[7] See *People v Taylor*, ___ Mich ___, ___ n 11; ___ NW2d ___ (2022) (Docket No. 154994); slip op at 11 n 11 (indicating that the Supreme Court may establish rules of practice and procedure through issuing administrative orders).

pleadings during the state of emergency.").   The administrative orders provide that, "any day that falls during the state of emergency declared by the Governor related to COVID-19"—i.e. March 10, 2020 through June 20, 2020—"is not included for purposes of MCR 1.108(1)[,]" and the computation of time resumed on June 20, 2020.  See AO 2020-3; AO 2020-18; MCR 1.108(1).[8] Thus, 66 days remained in the limitations period on June 20, meaning that the limitations period was set to expire on August 25, 2020, as a result of the Supreme Court's COVID-related administrative orders.  In reaching this conclusion, we specifically note that the Supreme Court stated in AO 2020-18:

> In Administrative Order No. 2020-3, the Supreme Court issued an order excluding any days that fall during the State of Emergency declared by the Governor related to COVID-19 *for purposes of determining the deadline applicable to the commencement of all civil and probate case types under MCR 1.108(1).* Effective Saturday, June 20, 2020, that administrative order is rescinded, and the computation of time for those filings shall resume.  [Emphasis added.]

As this Court explained in *Carter v DTN Mgt Co*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 360772); slip op at 4:

> In sum, AO 2020-3 provided that the days during the emergency shall not be counted when computing the relevant time period for purposes of MCR 1.108(1), which governs the computation of deadline dates.
>
> * * *
>
> MCR 1.108(1) clearly applies to computations involving statutes of limitations, i.e., "a period of time prescribed or allowed by . . . statute[.]" Accordingly, under AO 2020-3 and MCR 1.108(1), any day falling during the state of emergency does not count toward determining the last day of a statute of limitations period.  Contrary to the trial court's conclusion, the Supreme Court did not exclude only deadlines that fell during the state of emergency.  Rather, it more broadly excluded *any day* within the state of emergency "*for purposes of*

---

[8] MCR 1.108 provides in relevant part:

> In computing a period of time prescribed or allowed by these rules, by court order, or by statute, the following rules apply:
>
> (1) The day of the act, event, or default after which the designated period of time begins to run is not included.  The last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order.

*determining the deadline* applicable to the commencement of *all* civil and probate case types under MCR 1.108(1)." AO 2020-18 (emphasis added).

Having determined the effect on the statutory limitations period of the state of emergency that was declared on March 10, 2020, pursuant to the plain language of our Supreme Court's administrative orders issued in response to the pandemic, the next step of our analysis becomes determining the effect of plaintiff's NOI that was mailed on March 13, 2020. Under MCL 600.5856(c) and MCL 600.2912b(1) and (2), the statute of limitations is tolled for 182 days at the time the NOI is sent if the statue of limitations would otherwise expire during that period. See also *Haksluoto*, 500 Mich at 312; *Waltz v Wyse*, 469 Mich 642, 646 n 6; 677 NW2d 813 (2004) ("Under this provision, the limitation period is tolled for 182 days if the plaintiff provides a valid notice of intent before the limitation period expires."). 182 days from March 13, 2020, is September 11, 2020. Because plaintiff had to wait for this NOI waiting period before filing suit, MCL 600.2912b(1), and the statute of limitations otherwise would have expired during that waiting period on August 25, 2020, the statute of limitations was tolled during the 182 day NOI waiting period, MCL 600.5856(c); MCL 600.2912b(1) and (2); *Haksluoto*, 500 Mich at 312; *Waltz*, 469 Mich at 646 n 6. When the NOI was sent on March 13, 2020, there were 165 days remaining until August 25, 2020, when the limitations period was set to expire. Hence, on September 11, 2020, when the NOI waiting period ended, there were also 165 days left in the statutory limitations period. The limitations period was therefore set to expire on February 23, 2021.

Plaintiff filed her complaint in this action on November 25, 2020. Thus, plaintiff's complaint was both timely with respect to the statute of limitations and not premature with respect to the NOI waiting period. The trial court did not err in denying defendants' motion for summary disposition. To the extent the trial court's analysis differed slightly from this Court's analysis, the trial court nonetheless reached the correct result and this Court may affirm when the trial court reaches the correct result even if our reasoning differs. *Bronson Health Care Group, Inc v State Auto Prop & Cas Ins Co*, 330 Mich App 338, 342 n 3; 948 NW2d 115 (2019) ("We may affirm the trial court when it reached the right result, even if we differ on the reasoning underlying that result.").

Our conclusion is consistent with this Court's recent opinion in *Armijo v Bronson Methodist Hospital*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 358728). In *Armijo*, a medical malpractice case, the plaintiff sought to apply AO 2020-3 and AO 2020-18 to extend a statute of limitations that was already tolled pursuant to MCL 600.5856(c). The Court held that AO 2020-3 and 2020-18 did not apply to extend the 182-day statutory tolling period under MCL 600.5856(c). The plaintiff's two-year statute of limitations expired on March 6, 2020, before the state of emergency was declared. But MCL 600.2912b dictates that a plaintiff must serve a defendant with notice of intent to file a medical malpractice suit and wait the prescribed period. During the mandatory notice waiting period, the statute of limitations is tolled under § 5856(c). The plaintiff sent a notice of intent to the defendants on February 19, 2020, with 16 days remaining on the limitations period. Thus, under § 5856(c), the plaintiff's statute of limitations was tolled until August 19, 2020. After the tolling period expired, the remaining 16 days on the statute of limitations period began to run and the plaintiff's limitations period expired on September 4, 2020. The plaintiff filed her complaint on December 14, 2020.

-8-

In order to extend the deadline, the plaintiff argued that the emergency orders tolled the notice waiting period, in essence tolling the time period that was already tolled by § 5856(c). This Court rejected that argument. In doing so, the Court emphasized the language in AO 2020-3, as amended on May 1, 2020, which clarified that the order "does [not] suspend or toll any time period that must elapse before the commencement of an action or proceeding." (Slip op at 6-7.)

This Court held that the plaintiff's action was barred by the statute of limitations because AO 2020-3 "plainly indicated that a statutory period, such as the 182-day notice period specified in MCL 600.2912b(1) which had to elapse before the commencement of a medical malpractice action, continued to run during the state of emergency" and "was not suspended or tolled." *Id.* at ___; slip op at 7. Concluding that our Supreme Court's administrative orders did "not toll any period applicable to this case," this Court held that the defendants were entitled to summary disposition. *Id.* at ___; slip op at 2. The AOs did not apply to the computation of time of the NOI waiting period.

In *Armijo*, it was undisputed that the statute of limitations was set to expire before the emergency was declared and before the emergency-related orders went into effect. In this case, unlike the situation in *Armijo*, the statute of limitations was set to expire *during* the emergency period. Because the original statute of limitations in this case fell within the emergency period (March 10, 2020 through June 20, 2020), the computation of time under MCR 1.108(1) for purposes of determining the statute of limitations was effected. *Carter*, ___ Mich App at ___; slip op at 6 ("By its own terms, AO 2020-3 was modifying the computation of days under MCR 1.108 for purposes of determining filing deadlines . . . ."). The computation of the statute of limitations in *Armijo* was not similarly impacted because the original deadline was set to expire before the emergency period began. In other words, applying our method of analysis of first determining the effect of the administrative orders on the statute of limitations, as required by *Haksluoto*, 500 Mich at 312, our conclusion in this case is entirely consistent with the conclusion reached in *Armijo*.

Affirmed. Plaintiff having prevailed is entitled to costs. MCR 7.219(A).

/s/ Sima G. Patel
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro